No. 99,533

STATE OF KANSAS, *Appellee,* v. ALAN D. SALTS, *Appellant.*

(200 P.3d 464)

Opinion filed February 6, 2009.

*Rick Kittel*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Boyd K. Isherwood*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Stephen N. Six*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Defendant Alan Salts appeals his conviction of indecent liberties with a child, claiming that the district court committed reversible error when it gave an *Allen*-type instruction to jurors before deliberations began.

K.D., a 15-year-old foster child, ran away from home after she was caught smoking in a bathroom at work. Deciding that she would walk to her boyfriend's house, K.D. hitched a ride to QuikTrip to look at a map. Salts approached K.D. while she was reviewing the map.

Salts informed K.D. that her boyfriend's home was too far away to walk and invited K.D. to stay at his house until morning. K.D. agreed, even though she did not know Salts, and the two walked to Salts' home. On the way, Salts stopped to purchase alcohol. As K.D. entered Salts' home, A.L., a 15-year-old girl who once lived with Salts' family, approached and entered the home. Salts mixed drinks and K.D. became intoxicated. A.L. drank little and remained sober.

K.D. started feeling sick and went upstairs to lie down. Salts followed, sat down next to K.D. on the bed, and fondled K.D. A.L., realizing Salts was no longer in the living room, went upstairs and found Salts lying on the bed next to K.D. A.L. testified that she observed Salts' hand move away from K.D. as she entered the room. A.L. attempted to get K.D. up, but K.D. refused to move. A.L. then went downstairs and unsuccessfully attempted to call several friends for a ride.

A.L. eventually went back upstairs, where she observed Salts' hand on K.D.'s buttocks and legs. A.L. again tried to get K.D. up, but Salts grabbed A.L.'s arm, stating, "[K.D.] doesn't need to get up, she doesn't need to move[.]" K.D. then agreed to leave and the girls went outside.

Outside, K.D. vomited. Salts stopped the girls and demanded that K.D. go back inside to lie down. K.D. went inside and lay down. A.L. called the police.

The State charged Salts with indecent liberties with a child and furnishing an alcoholic beverage to a minor for illicit purposes.

At trial, the following jury instructions were provided orally and in writing before deliberations began without objection.

"Instruction 11

"Your only concern in this case is determining if the defendant is guilty or not guilty. The disposition of the case thereafter is a matter for determination by the Court."

"Instruction 12

"Like all cases, this is an important case. If you fail to reach a decision on some or all of the charges, that charge or charges are left undecided for the time being. It is then up to the state to decide whether to resubmit the undecided charge(s) to a different jury at a later time. *Another trial would be a burden on both sides.*

"This does not mean that those favoring any particular position should surrender their honest convictions as to the weight or effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a decision.

"This does mean that you should give respectful consideration to each other's views and talk over any differences of opinion in a spirit of fairness and candor. If at all possible, you should resolve any differences and come to a common conclusion.

"You may be as leisurely in your deliberations as the occasion may require and take all the time you feel necessary." (Emphasis added.)

The jury convicted Salts of indecent liberties with a child but found Salts not guilty of furnishing alcoholic beverages to a minor for illicit purposes. The district judge sentenced Salts to life imprisonment without the possibility of parole.

Salts died on September 12, 2007, 12 days after his notice of appeal was filed. Salts' death, however, does not render this direct appeal moot. See *State v. Burnison*, 247 Kan. 19, 32, 795 P.2d 32 (1990).

Salts' single issue on appeal challenges the language "[a]nother trial would be a burden on both sides," found in Jury Instruction 12, an *Allen*-type instruction. See *Allen v. United States*, 164 U.S. 492, 41 L. Ed. 528, 17 S. Ct. 154 (1896). Salts argues that this language is misleading and inaccurate because another trial is not a burden to either party; rather it is the State's obligation and Salts' right. Salts further argues that this language is legally incorrect because, as noted in Jury Instruction 11, a jury should not consider what happens after trial. Finally, Salts argues that this language is prejudicial to him because it implicated jurors' financial interests as taxpayers. Salts admits there was no objection to this instruction at trial.

The State contends that inclusion of the language is not error; it simply tells jurors to treat the matter seriously and keep an open mind. The State further argues that, even if this court determines inclusion of the language is error, it certainly is not clear error.

Our standard of review, in the absence of an objection before the district court, is whether the instruction was clearly erroneous, "that is, whether we are firmly convinced there is a real possibility

the jury would have rendered a different verdict if the error had not occurred." *State v. Carter*, 284 Kan. 312, 330, 160 P.3d 457 (2007); see K.S.A. 22-3414(3).

PIK Crim. 3d 68.12 contains the language challenged in this case. "The use of PIK instructions, while not mandatory, is strongly recommended. The pattern instructions have been developed by a knowledgeable committee to bring accuracy, clarity, and uniformity to jury instructions." *State v. Anthony*, 282 Kan. 201, 216, 145 P.3d 1 (2006).

Other language in this instruction has been the source of some earlier controversy. See *State v. Scott-Herring*, 284 Kan. 172, 180, 159 P.3d 1028 (2007) (challenging "[the case] must be decided sometime"); *Anthony*, 282 Kan. at 215 (arguing phrase " '[l]ike all cases, [this case] must be decided sometime' . . . misled the jury and exerted undue pressure for a verdict"). However, our criticisms of other language found in PIK Crim. 3d 68.12 have never led to reversal of a conviction when the instruction was given before jury deliberations began. See *State v. Nguyen*, 285 Kan. 418, 436-37, 172 P.3d 1165 (2007) ("the instruction as given is inaccurate and misleading . . . [,nevertheless,] when the instruction accompanies all of the rest of the instructions given before deliberations, there is no error"); *Carter*, 284 Kan. at 330-31 (no error when PIK Crim. 3d 68.12 provided before deliberations with all jury instructions).

We arrive at the same place in the case at bar. Salts' argument that the challenged language is misleading and inaccurate has merit. Contrary to this language, a second trial may be burdensome to some but not all on either side of a criminal case. Moreover, the language is confusing. It sends conflicting signals when read alongside Instruction 11 or a similar instruction that tells jurors not to concern themselves with what happens after they arrive at a verdict.

We therefore hold that including the language "[a]nother trial would be a burden on both sides" in PIK Crim. 3d 68.12 is error. The PIK Committee should strike this language from this instruction. If the Committee believes that the message the State wishes to deliver—that jurors should treat the matter seriously and keep

an open mind—should be communicated to criminal juries, then the pattern instruction should be changed to state exactly that.

In Salts' case, given the clearly erroneous standard of review, the error is not reversible. This court is firmly convinced that there was no real possibility the jury would have rendered a different verdict if the error had not occurred. We thus affirm Salts' conviction of indecent liberties with a child.

Affirmed.

MCFARLAND, C.J., not participating.

STANDRIDGE, J., assigned.