(203 P.3d 1277)
No. 98,153

STATE OF KANSAS, *Appellee*, v. KEVIN LEE PAGE, *Appellant*.

Opinion filed April 3, 2009.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Darrin C. Devinney*, assistant county attorney, and *Stephen N. Six*, attorney general, for appellee.

Before RULON, C.J., ELLIOTT and HILL, JJ.

RULON, C.J.: Defendant Kevin L. Page appeals his two convictions of rape, contending the district court erred when:

- Permitting the State to offer certain rebuttal evidence;
- Permitting a prosecution witness to testify;
- Giving an improper "deadlocked jury instruction"; and
- Imposing an aggravated sentence without jury consideration.

We reverse and remand for further proceedings because the district court erred when giving the jury a "deadlocked jury instruction" disapproved by our Supreme Court. See *State v. Salts*, 288 Kan. 263, Syl. ¶ 2, 200 P.3d 469 (2009).

A detailed discussion of the underlying facts is not necessary for our resolution of this appeal.

When a defendant objects to instructions, an appellate court must consider the instructions as a whole and not isolate any one instruction. Even if erroneous in some way, instructions are not reversible error if they properly and fairly state the law as applied to the facts of the case and could not have reasonably misled the jury. *State v. McKissack,* 283 Kan. 721, 732, 156 P.3d 1249 (2007) (citing *State v. Edgar,* 281 Kan. 47, 54, 127 P.3d 1016 [2006]).

The jury instruction at issue here was taken directly from PIK Crim. 3d 68.12. "Trial courts are not required to use PIK instructions, but it is strongly recommended because the instructions were developed in order to bring accuracy, clarity, and uniformity to jury instructions. Modifications or additions should only be made if the particular facts of a case require it." *State v. Hebert,* 277 Kan. 61, 87, 82 P.3d 470 (2004).

At trial, this defendant objected to the giving of the deadlocked jury instruction; his objection was effectively overruled—the deadlocked jury instruction was given. In his appeal, the defendant argues the deadlocked jury instruction given to the jury before it began its deliberations was prejudicial, misleading, coercive, and asked the jury to consider matters outside the evidence produced at trial. According to the defendant, the instruction placed undue pressure on the jury to reach a verdict by inaccurately characterizing the criminal trial process as burdensome to both parties. The defendant argues the jury could have found the defendant was unduly stressing the criminal justice system by exercising his constitutional rights and that it was in the best interests of the jury, as taxpayers, to avoid a hung jury. Finally, the defendant contends the deadlocked jury instruction contradicted the court's first instruction, which asked the jury not to consider the disposition of the case but rather to focus solely on reaching a verdict.

Our Supreme Court recently addressed the argument raised here by the defendant. See *Salts,* 288 Kan. 263, Syl. ¶ 2. Salts challenged the language " '[a]nother trial would be a burden on both sides,' " taken directly from PIK Crim. 3d 68.12 and included in the deadlocked jury instruction given at Salts' trial. 288 Kan. at

264. Salts argued this language was misleading and inaccurate because another trial does not burden either party; it is the State's obligation and Salts' right. Salts argued the language was legally incorrect because as noted in a previous jury instruction, the jury should not consider what happens after trial. Finally, Salts argued the disputed language prejudiced him because it appealed to the jurors' financial interests as taxpayers.

In reaching its decision, the *Salts* court said:

"Salts' argument that the challenged language is misleading and inaccurate has merit. Contrary to this language, a second trial may be burdensome to some but not all on either side of a criminal case. Moreover, the language is confusing. It sends conflicting signals when read alongside . . . [an] instruction that tells jurors not to concern themselves with what happens after they arrive at a verdict.

"We therefore hold that including the language '[a]nother trial would be a burden on both sides' in PIK Crim. 3d 68.12 is error." 288 Kan. at 266.

Because Salts did not object to the jury instruction at trial, the court applied a clearly erroneous standard of review and ultimately concluded the error was not reversible because the court was firmly convinced there was no real possibility the jury would have rendered a different verdict if the error had not occurred. 288 Kan. at 267.

Here, the defendant objected to the giving of the deadlocked jury instruction. Consequently, we must consider whether the error identified in *Salts* is reversible when challenged at trial. We must determine whether the instruction challenged here properly and fairly stated the law as applied to the facts of the case and whether the instruction could have reasonably misled the jury.

According to our Supreme Court, telling a jury that " '[a]nother trial would be a burden on both sides' " is misleading, inaccurate, and confusing. 288 Kan. at 264, 266. Moreover, in this case the jury actually informed the district court a hung jury was a real possibility. In fact, the jury indicated it was deadlocked as to count II. The district court responded by recessing for the evening. When the jury returned the next day, the jury requested the court read back certain testimony. The jury eventually convicted the defendant of two counts of rape. Given the fact our Supreme Court has held the deadlocked jury instruction misleading and the real pos-

sibility the jury in this case was at least influenced by the erroneous language in the jury instruction, this defendant's convictions must be reversed.

In light of the above discussion, we need not consider the other issues raised by the defendant.

We reverse the defendant's convictions and remand for further proceedings.