NOT DESIGNATED FOR PUBLICATION

No. 111,713

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE W. BURTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed October 2, 2015. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Jonathon L. Noble*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER, J., and WILLIAM R. MOTT, District Judge, assigned.

*Per Curiam:*  Trial judges must ask jurors to consider the evidence and the law when reaching their verdict. The judge should not distract them from this task by asking them to consider extraneous matters such as the cost and inconvenience of a new trial. In this direct appeal, Jesse Burton complains about an instruction given to his jury before any testimony was heard which told the jurors that a mistrial is an expensive inconvenient burden. We agree with Burton that the district court erred by inserting such language into the instruction; but under the facts here, we hold it was not reversible error. Additionally,

1

Burton claims the district court failed to give an instruction on the lesser included offense of simple battery. We disagree. The district court only has a duty to instruct on all possible offenses supported by substantial evidence. Finally, we follow Kansas Supreme Court precedent and find no error concerning Burton's criminal history determination.

*A dispute over a bicycle turns violent.*

On June 5, 2013, Marco Hinostroza approached Burton after one of Hinostroza 's sons had told Hinostroza that Burton had stolen Hinostroza's other son's bicycle. Hinostroza tapped Burton on the shoulder while Burton's back was turned and he was working on a bicycle. Hinostroza told Burton that he was going to call the police. Burton stood up and hit Hinostroza on the head with a pair of handlebars from a bicycle. Burton continued to hit Hinostroza on the shoulder and the rib cage. Hinostroza went to the hospital, where he received stitches for a cut on his head and was treated for broken ribs and a bruised shoulder.

The State charged Burton with one count of aggravated battery in violation of K.S.A. 2011 Supp. 21-5413(b)(2)(B), a severity level eight person felony, and theft of property with a value less than $1,000, a Class A misdemeanor.

At trial, Burton contended that he had acted out of self-defense. According to Burton, Hinostroza's son sold him a bicycle and he was using parts from it to build a new bicycle for his own son. Burton testified that he had decided to give the bicycle back and was dissembling the new bicycle he was building when Hinostroza and his son knocked him to the ground and attacked him. Burton claimed that while he was being attacked he heard his son scream and hit the ground. Burton testified that he had picked up the handlebars and began swinging without aiming at anyone, trying to get Hinostroza and his son to stop hitting him. He believed they were also hurting his son.

2

The district court instructed the jury on Burton's theory of self-defense. The jury found Burton guilty of aggravated battery but acquitted him on the theft charge. The district court imposed an 18-month prison term but granted 18 months' presumptive probation. Based on its finding that the underlying crime was committed with a deadly weapon, the district court ordered Burton to register as a violent offender for 15 years.

*The district court gave an erroneous preliminary instruction to the jury.*

On appeal, Burton first complains of a preliminary jury instruction given by the district court at the outset of his trial.

The district court provided the jury with preliminary instructions which included the following statement:

> "That is why it is so important that you base your verdict only on the information you receive in this courtroom. You must not engage in any activity or be exposed to any information that might unfairly effect the outcome of this case. Any juror who violates these restrictions I have explained to you jeopardizes the fairness of these proceedings and mistrial could result that would require the entire to [*sic*] trial process to start over.
> "*As you can imagine a mistrial is a tremendous expense and inconvenience to the parties, the Court, and the taxpayers*. If any juror's exposed to any outside information or has any difficulty whatsoever of following these instructions, please notify the Court immediately. If any juror becomes aware that one of your fellow jurors has done something that's violated these instructions, you are obligated to report that to the Court as well." (Emphasis added.)

The record indicates that the preliminary instructions were given by the judge without the parties having an opportunity to read, comment on, or object to them. Such a procedure for preliminary instructions is ill-advised because it prevents the parties from lodging any objection they may have. Burton nevertheless concedes that he did not

3

contemporaneously object to this instruction. Because Burton did not object, this court applies a clear error rule. See K.S.A. 2014 Supp. 22-3414(3).

An appellate court uses a two-step process in determining whether the challenged instruction was clearly erroneous: (1) the court must determine whether there was any error at all by considering whether the subject instruction was legally and factually appropriate, employing an unlimited review of the entire record; and (2) if the court finds error, it must assess whether it is firmly convinced that the jury would have reached a different verdict had the instruction error not occurred. *State v. Smyser*, 297 Kan. 199, 204, 299 P.3d 309 (2013). Reversibility is subject to unlimited review and is based on the entire record. The party claiming error in the instructions has the burden to prove the degree of prejudice necessary for reversal. *State v. Betancourt*, 299 Kan. 131, 135, 322 P.3d 353 (2014). Therefore, Burton must show us that this is reversible error.

In *State v. Salts*, 288 Kan. 263, 265-67, 200 P.3d 464 (2009), the Kansas Supreme Court ruled a "burden-type" instruction was erroneous. Our Supreme Court held: "[t]he language '[a]nother trial would be a burden on both sides' in PIK Crim. 3d 68.12 is error." 288 Kan. at 266. The court stated the pattern instruction should be changed:

> "The PIK Committee should strike this language from this instruction. If the Committee believes that the message the State wishes to deliver — that jurors should treat the matter seriously and keep an open mind —should be communicated to criminal juries, then the pattern instruction should be changed to state exactly that." *Salts*, 288 Kan. at 266-67.

Since *Salts*, our Supreme Court has consistently held that informing the jury that another or second trial would be a burden on both sides is erroneous. See, *e.g.*, *State v. Gleason*, 299 Kan. 1127, 1180, 329 P.3d 1102 (2014); *State v. King*, 297 Kan. 955, Syl. ¶ 7, 305 P.3d 641 (2013); *State v. Parks*, 294 Kan. 785, 801, 280 P.3d 766 (2012).

4

Most of what the district court read in the preliminary instructions can be found in PIK Crim. 4th 50.010. The inserted language, "As you can imagine a mistrial is a tremendous expense and inconvenience to the parties, the Court, and the taxpayers" is not found in the PIK. The State nevertheless tries to explain why it is not misleading to tell a jury a mistrial would be a burden and argues that to find the language used here erroneous would require this court to ignore the context of the instructions. The State points out that these instructions were given to ensure Burton received a fair trial free from misconduct and were not given in the course of normal jury instructions prior to the jury adjourning.

Unfortunately, the State does not explain how the context makes the language at issue legally appropriate. Under the rationale of *Salts*, the district court's remarks are just as coercive and constituted legal error. In *State v. Davis*, No. 111,902, 2015 WL 4366527, at *4-5 (Kan. App. 2015) (unpublished opinion), a panel of this court found the preliminary instruction "[a]s you can imagine, a mistrial is an expense and inconvenience to the parties, the Court, and the taxpayers" is erroneous. We agree with that ruling. We must now decide if this error requires reversal.

We are not convinced that the jury would have reached a different verdict if the district court had not given this portion of the preliminary instructions. Burton concedes that this case "amounted to a credibility contest." And this court does not reweigh the evidence, assess the credibility of the witnesses, or resolve conflicting evidence. See *State v. Johnson*, 293 Kan. 1, 4, 259 P.3d 719 (2011). Looking at the entire record, the State presented sufficient evidence to support the verdict even in light of the erroneous jury instruction. Burton admitted he struck Hinostroza with the bicycle handlebars. Hinostroza testified that he received 12 stitches, three broken ribs, an injured fourth rib, and a bruised shoulder. In other words, Burton has not proved the degree of prejudice necessary for reversal. We hold that even though the preliminary instruction was erroneous, we will not overturn Burton's conviction because it was not clearly erroneous.

5

*A lesser included offense instruction of simple battery was not required.*

Next, Burton complains that the jury might have convicted him of simple battery instead of aggravated battery had the district court instructed the jury on this lesser included offense. We do not think so.

The general rule requires some evidence. "In cases where there is some evidence which would reasonably justify a conviction of some lesser included crime . . . the judge shall instruct the jury as to the crime charged and any such lesser included crime." K.S.A. 2014 Supp. 22-3414(3). Because Burton did not ask for an instruction on simple battery or object to the district court's failure to give this instruction, he must once again show us that this is reversible error to fail to give the instruction. See K.S.A. 2014 Supp. 22-3414(3).

Burton argues that the lesser included offense instruction on simple battery was appropriate because the same evidence that supported the reckless causing of bodily harm for the felony charge would support the reckless causing of bodily harm for simple battery; thus, leaving the only possible question for the jury being the manner in which Burton inflicted the bodily harm—causing bodily harm or causing bodily harm in a manner that can cause great bodily harm.

Under K.S.A. 2012 Supp. 21-5413, simple battery can be committed in two ways: "(1) Knowingly or recklessly causing bodily harm to another person; or (2) knowingly causing physical contact with another person when done in a rude, insulting or angry manner." Here, the jury found sufficient evidence to convict Burton of severity level 8 aggravated battery based upon him "recklessly causing bodily harm to another person . . . in any manner whereby great bodily harm, disfigurement or death can be inflicted." K.S.A. 2012 Supp. 21-5413(b)(2)(B).

6

The State also concludes that because all of the elements of simple battery under K.S.A. 2012 Supp. 21-5413(a)(1) are contained in the aggravated battery severity level 8 person felony under K.S.A. 2012 Supp. 21-5413(b)(2)(B), Burton is correct in arguing that failing to give the simple battery instruction was error. Thus, the State is essentially agreeing that the lesser included offense instruction of simple battery was legally appropriate here or is warranted in all instances when a defendant is charged with aggravated battery. However, both Burton and the State fail to consider that before making a clearly erroneous determination, we must necessarily look first at whether the instruction was not only legally appropriate but also whether it was factually appropriate. *Smyser*, 297 Kan. at 204.

Burton does not directly contend that Hinostroza suffered only bodily harm. Nor does Burton cite a definition of bodily harm, cases discussing bodily harm or great bodily harm, or argue the evidence. The substance of Burton's argument is based on his claim that the jury may have convicted him of aggravated battery "simply because [Hinostroza] was injured." Burton asserts that even though the jury rejected his theory of self-defense, had they considered the lesser included offense of simple battery there was a possibility they "would convict him of the lesser because they did not think [or] believe that the injury was caused in a manner that would result in great bodily harm, disfigurement, or death."

We do not agree. The dispositive question here is whether the evidence factually supported an instruction for lesser degrees of a single crime. Our Supreme Court has made it clear, "[w]here there is no substantial testimony applicable to the lesser degrees of the offense charged and all of the evidence taken together shows that the offense, if committed, was clearly of the higher degree, instructions relating to the lesser degrees of the offense are not necessary." *State v. Shortey*, 256 Kan. 166, Syl. ¶ 2, 884 P.2d 426 (1994); see K.S.A. 2014 Supp. 22-3414(3).

7

We find the record does not support a lesser included offense instruction for simple battery. The district court only has a duty to instruct on all possible offenses supported by substantial evidence. *State v. Brice*, 276 Kan. 758, Syl. ¶ 4, 80 P.3d 1113 (2003). Such an analysis is conducted on a case-by-case basis. *Brice*, 276 Kan. at 774. If the evidence showed that the harm to Hinostroza was slight, trivial, minor, or moderate, such as bruising, then the district court was required to give a lesser included offense instruction on simple battery. Alternatively, if the evidence showed Hinostroza's injury was not slight, trivial, moderate, or minor, then it would not be error for the district court to forgo a simple battery instruction. See *State v. Smith*, 39 Kan. App. 2d 64, 70, 176 P.3d 997, *rev. denied* 286 Kan. 1185 (2008).

At trial, Burton admitted to hitting Hinostroza with the bicycle handlebars. Hinostroza testified that as a result of being hit by Burton he received 12 stitches in his head, three broken ribs and a fourth rib with ripped cartilage, and a bruised shoulder. In closing arguments, Burton's counsel acknowledged his client had fought with Hinostroza and that as a result, Hinostroza was injured. However, counsel contended that Burton was defending himself from being attacked by Hinostroza and suggested, at most, Hinostroza only had two broken ribs and had received four to five stitches. Counsel questioned the extent of Hinostroza's injuries based on the testimony from Officer Justin Hill that Hinostroza had informed him the day after the incident that he had two broken ribs and that he thought he received four to five stitches, but was not sure.

Regardless of the conflicting testimony regarding the extent of Hinostroza's injuries, which we will not resolve, it is uncontested that Burton struck Hinostroza with the bicycle handlebars with sufficient force to hospitalize Hinostroza for broken ribs and a cut requiring stitches, injuries that were not slight, minor, trivial, moderate, or akin to mere bruising. His injuries required surgical repair. See *Brice*, 276 Kan. at 774. Moreover, Burton's defense was not that he did not hit Hinostroza with the bicycle handlebars or that he committed simple battery, but that he hit Hinostroza in self-defense.

8

Thus, Burton was either guilty of aggravated battery or not guilty at all. See *State v. Davis*, 236 Kan. 538, 542-43, 694 P.2d 418 (1985). The district court did not err in failing to instruct the jury sua sponte on the lesser included offense of simple battery.

*We review the criminal history issue.*

Finally, Burton argues the district court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it enhanced his sentences based upon his criminal history without first requiring his prior convictions be alleged in the complaint and be proven beyond a reasonable doubt. Burton concedes that the Kansas Supreme Court rejected a similar argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), but raises it to preserve federal review.

Our Supreme Court recently reaffirmed *Ivory* in *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013). This court is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its earlier position. See *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012). Since there is no indication our Supreme Court is departing from *Ivory*, we are compelled to conclude that the district court did not violate *Apprendi* in sentencing Burton.

Affirmed.