IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,348

STATE OF KANSAS,
*Appellee*,

v.

RICKY L. HOLLINS,
*Appellant.*

SYLLABUS BY THE COURT

It is not legally erroneous to instruct a jury to engage in discussion during deliberations.

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Oral argument held October 29, 2024. Opinion filed March 7, 2025. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.: On the night of October 21, 2020, S.D. was murdered. The facts are gruesome and not especially relevant to the legal issues raised in this appeal. Ricky Hollins had intended to meet S.D. for a paid sexual encounter that evening. An altercation ensued resulting in S.D.'s death.

1

A jury convicted Hollins of first-degree premeditated murder, though it acquitted him of a misdemeanor charge of buying sexual relations. Hollins timely appealed after being sentenced to a hard 50 life sentence.

Hollins raises three issues in his appeal. First, Hollins challenges a statement made by the district court directing the jury to participate in discussion during deliberations. Hollins also continues to object to the premeditation instruction we approved in *State v. Bernhardt*, 304 Kan. 460, 372 P.3d 1161 (2016). Finally, he claims that cumulative error denied him a fair trial.

During deliberations, the jury properly submitted a formal question to the district court. At the same time, two jurors informally expressed their concern that one juror was refusing to engage in any group discussions. According to those two jurors, the "problem" juror was voting and stating his opinion, but refused to engage in any discussion with other jurors. Counsel for both parties discussed the appropriate responses with the district court judge. The district court judge and the State's attorney both cautiously wanted to encourage the jurors to work together and discuss the issues, while Hollins' counsel objected to the court making any statement on the matter.

Hollins argued that because the "discussion" issue had not been raised as a jury question through the presiding juror, addressing the issue would create a coercive power imbalance among jurors. Hollins' counsel argued that the issue had become "two people who want to pick on a third" and asked the court to refrain from making any statement unless a formal question was raised through the presiding juror.

The district court disagreed with Hollins' counsel's characterization of the jurors' concerns. Therefore, the judge decided to make a statement which he believed served as a reminder of a previously given instruction that the jurors were free to discuss the case amongst themselves.

The statement given by the district court—claimed to be error by Hollins—was: "I'd remind you that the deliberation process requires a discussion among your fellow jury members related to the facts and the law in your attempt to come to a verdict in this case." First we must address a discrepancy in how the parties frame the issue in front of us. Hollins argues that this statement constitutes "judicial comment error" while the State prefers to consider the statement as a jury instruction, and to evaluate it in that light. Because the legal frameworks for resolving this issue under each theory are materially distinct, we must first decide which path is correct.

Fortunately, this threshold question is a simple one. Judicial comments, by definition, are judicial statements made in front of a jury which are not instructions or legal rulings. *State v. Blevins*, 313 Kan. 413, 423, 485 P.3d 1175 (2021); *State v. Boothby*, 310 Kan. 619, 625, 448 P.3d 416 (2019). Here, it is clear from the record that the judge was formally instructing the jurors to remind them of their duty to deliberate. This statement was made while the judge was also answering an unrelated jury instruction question, and the statement had been previously discussed with counsel for both parties. In fact, in both Hollins' motion for a new trial and during oral argument, Hollins' counsel referred to the judge's statement as an "instruction." Thus, we will review the statement for instructional error.

When analyzing jury instructions, appellate courts follow a three-step process: (1) determine whether the appellate court can or should review the issue, in other words, whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal; (2) consider the merits of the claim to determine whether error occurred below; and (3) assess whether the error requires reversal—in other words, whether the error can be deemed harmless. *State v. Holley*, 313 Kan. 249, 253, 485 P.3d 614 (2021).

3

Hollins properly lodged his objection at trial, thus preserving the issue for appellate review. At the second step, appellate courts consider whether the instruction was legally and factually appropriate, using an unlimited standard of review of the entire record. 313 Kan. at 254. At the third step, when a challenging party preserved the issue below, and the issue does not implicate a constitutional right, an appellate court assesses whether there is no reasonable probability the error affected the trial's outcome in light of the entire record. 313 Kan. at 256-57.

Hollins argues that a jury is not required to "discuss" issues while deliberating, and encouraging or requiring a particular type of "deliberation" is coercive, and thus not legally appropriate. Hollins presents no binding authority or convincing legal argument to support his claim, however. In fact, we find the opposite to be true.

Courts are rightly cautious to use or approve of instructions similar to those at issue in *Allen v. United States*, 164 U.S. 492, 501-02, 17 S. Ct. 154, 41 L. Ed. 528 (1896). An *Allen*-type instruction is any instruction "that encourages the jury to reach a unanimous verdict so as to avoid a mistrial." *United States v. McElhiney*, 275 F.3d 928, 935 (10th Cir. 2001). In Kansas, we have a long history of disapproving *Allen*-type jury instructions when given to the jury during deadlocked deliberations. See *State v. Bybee*, 17 Kan. 462, 466-67, 1877 WL 898 (1877) (pre-dating *Allen*). *Allen* instructions risk coercing a unanimous verdict by unduly influencing jurors to compromise their own views to avoid a hung jury. See *State v. Salts*, 288 Kan. 263, 266, 200 P.3d 464 (2009).

In light of our concerns with *Allen*-type instructions, it is helpful to consider the language used in the current Pattern Jury Instruction (PIK) for deadlocked juries. That instruction, in part, states: "[*Y*]*ou should give respectful consideration to each other's views and talk over any differences of opinion in a spirit of fairness and candor*. You should treat the matter seriously and keep an open mind. If at all possible, you should

4

resolve any differences and come to a common conclusion." (Emphasis added.) PIK Crim. 4th 68.140 (2018 Supp.).

The oral instruction given here is far more similar to the PIK instruction than it is to a true *Allen* instruction. The purpose was not to protect against juror misconduct or to encourage a deadlocked jury to reach a decision in order to avoid a mistrial. Rather, the instruction was given to remind the jurors that they were free to discuss the issues in the case—not to coerce the jury to reach a decision to avoid the "inconvenience" of a mistrial. See *State v. Tahah*, 302 Kan. 783, 795, 358 P.3d 819 (2015).

Again, the challenged language here is:  "I'd remind you that the deliberation process requires a discussion among your fellow jury members related to the facts and the law in your attempt to come to a verdict in this case." While this instruction was given after the jurors had begun their deliberations, the jury was not reported to be deadlocked, the judge did not encourage jurors to vote a particular way or compromise their beliefs for the sake of reaching an agreement. We hold it is not legal error to instruct the jury to engage in "discussion" as part of deliberations. Therefore, the instruction was not legally erroneous.

Next, Hollins argues that the district court erred by adding factually inappropriate language to the standard PIK instruction defining premeditation. When the parties and court discussed instructions, the district court noted that the State was requesting the added language from *State v. Stanley*, 312 Kan. 557, 561-63, 478 P.3d 324 (2020), and *Bernhardt*, 304 Kan. at 464-65. Hollins objected to the *Bernhardt* language but not to the *Stanley* language. The court included language from both cases in the final instruction. Specifically the language used, which Hollins complains of on appeal, was:

"Premeditation does not have to be present before a fight, quarrel, or struggle begins. Premeditation is the time of reflection or deliberation. Premeditation does not necessarily mean that an act is planned, contrived or schemed beforehand.

"Premeditation can occur during the middle of a violent quarrel, struggle or fight."

Appellate courts consider jury instructions as a whole, without focusing on any single instruction in isolation, to determine if they properly and fairly state the applicable law or if it is reasonable to conclude that they could have misled the jury. *State v. Buck-Schrag*, 312 Kan. 540, 553, 477 P.3d 1013 (2020).

Typically, this court "'strongly recommend[s] the use of PIK instructions, which knowledgeable committees develop to bring accuracy, clarity, and uniformity to instructions.'" *State v. Zeiner*, 316 Kan. 346, 353, 515 P.3d 736 (2022). And while PIK instructions should generally be the starting point when preparing any set of jury instructions, "a district court may modify or add clarifications to PIK instructions if the particular facts in a given case warrant such a change." 316 Kan. at 353.

We explained to trial courts when it was appropriate to include the *Bernhardt* language in *Stanley*. There we said:

"We have . . . upheld a premeditation instruction whenever it was factually appropriate because the facts of the case are such that the jury may be confused about when a criminal defendant could legally form premeditation sufficient for a first-degree murder conviction. This potential arises '[w]hen the facts demonstrate a criminal defendant could have formed premeditation after an initial confrontation, but before the final blow.'" *Stanley*, 312 Kan. at 569.

Hollins argues that the facts do not show that there was a struggle, protracted or otherwise. He argues there was no testimony about a struggle, no overturned chairs, or

6

other "dishevelment" of the hotel room. Consequently, he argues that the *Bernhardt* language made the jury instruction factually inappropriate. We disagree.

The facts in the record, considered in the light most favorable to the requesting party, clearly support the possibility there was some kind of struggle. The evidence was sufficient to show that Hollins entered S.D.'s room calmly, intending to pay $40 for oral sex. At some point within a 25-minute window, S.D. had been strangled and beaten to death. Her hyoid bone was broken twice, she also had significant injuries from blunt force trauma to her shoulder, head, face, and neck. Testimony at trial suggested that she was likely pinned down from behind while she was strangled. Hollins had been sprayed with mace and S.D. was left bleeding on the floor. Hollins himself left running from the hotel room, without his shoes, claiming he and S.D. had been attacked by three people. S.D. wasn't just struck once. She was beaten multiple times and strangled while she fought back. This evidence suggests some type of struggle ensued over an extended period of time. Therefore, we hold the use of the *Bernhardt* language was factually appropriate and the jury instruction was not erroneous.

Lastly, Hollins argues that cumulative error denied him a fair trial. However, our cumulative error rule does not apply if there are no errors or only a single error. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021). Because we have not identified any errors in this appeal, cumulative error does not apply.

Affirmed.