NOT DESIGNATED FOR PUBLICATION

No. 127,584

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CURTIS EVERETTE ALLMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; AMY NORTON, judge. Submitted without oral argument. Opinion filed October 31, 2025. Affirmed.

*William Strommen* and *Charles Ault-Duell*, of CAD Law, LC, of Salina, for appellant.

*Andrew J. Lohmann*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and CLINE, JJ.

CLINE, J.: A jury convicted Curtis Everette Allman of driving under the influence (DUI) after officers discovered him sitting in the driver's seat of a vehicle parked on the side of the road one night. Before trial, Allman unsuccessfully moved to suppress evidence that he failed field sobriety tests and to exclude testimony from the arresting officers about their basis for believing Allman had operated the vehicle while under the influence. Although he appeals the denial of those motions, we find the issues unpreserved because Allman did not renew his objections to this evidence at trial. And

1

we find his remaining claims, regarding the jury instructions and sufficiency of the evidence, unavailing. We therefore affirm his conviction.

FACTUAL AND PROCEDURAL BACKGROUND

Officers were dispatched around 10 p.m. one night in response to a caller reporting a potential traffic hazard of several people in multiple vehicles parked close to a roadway without headlights on. When the officers arrived, only one vehicle remained, parked on the shoulder of the road, without lights on or the engine running. Allman was in this vehicle, "[slouched] back in the driver's seat." The keys were in the ignition, and the gear shift was in drive. Allman said he did not know how he had gotten there. He seemed confused and had difficulty answering simple questions and "very distinctly slurred speech." His eyes were bloodshot and watery, and he swayed "pretty heavily" when getting out of the vehicle.

One of the officers detected a strong odor of alcohol coming from Allman and his vehicle. Allman admitted to drinking alcohol that day around lunchtime, but he denied drinking any that night. When officers called the owner of the vehicle, Allman's girlfriend, she told them Allman had called her shortly before the officers arrived and said he was on his way to her house. After Allman was unable to successfully complete field sobriety tests, he was arrested.

The State charged Allman with DUI under K.S.A. 8-1567 (a)(1)-(3) and (b)(1)(A), along with failure to present a driver's license, and proof of liability insurance. The State later dismissed the other charges and proceeded only on the DUI charge.

Before trial, Allman moved to suppress all evidence obtained after he was detained, including the officers' observations, Allman's statements to the officers, and the results of the breath test taken after his arrest. Allman argued the officers violated his

2

constitutional protections under the United States and Kansas Constitutions when they detained and arrested him. He claimed the officers did not have probable cause to request the field sobriety tests or arrest him for DUI because they did not witness Allman operating a vehicle.

The district court held an evidentiary hearing on the motion. The officers testified about the basis for their belief that Allman had driven under the influence, including their observations of Allman and the vehicle, Allman's statements, his girlfriend's statement, and Allman's lack of explanation for how he had arrived at the scene. The district court denied Allman's motion after finding sufficient circumstantial evidence existed to establish a reasonable inference that he was operating the vehicle.

Allman next moved in limine to exclude any "inference" that one of the officers, Deputy Caleb Speilman, "had anything more than a 'hunch'" that Allman was operating or attempting to operate a vehicle while under the influence. He claimed Deputy Speilman testified that he only had a "hunch" that Allman had operated the vehicle.

The district court took this motion up at the final pretrial conference. The State argued that Allman suggested the word "hunch" when questioning Deputy Speilman at the motion to suppress hearing, so the deputy continued using that term. The State pointed out that Deputy Speilman testified he pursued this hunch by contacting the vehicle owner, and his probable cause for Allman's arrest was also based on Allman's statements and what he observed at the scene. The district court denied Allman's motion.

The officers generally provided the same testimony at Allman's jury trial that they provided at the hearing on Allman's motion to suppress. Allman did not object to their testimony at trial.

In his defense at trial, Allman testified he was at a bar earlier that night to celebrate his birthday. He said he met some new people that night who agreed to buy him drinks and then one of them agreed to drive him because Allman had been drinking. But he said that person stopped the car on the side of the road due to mechanical issues and then that person left with his wife. Allman claimed he had intended to walk but stayed with the vehicle because he could not get the keys out of the ignition. Allman admitted he was intoxicated at the time. He said he did not remember any of the names of the people he met at the bar, including the man who drove him, because he only met them that night. Allman denied driving the car that night.

The jury ultimately convicted Allman of DUI, and the district court sentenced him to 90 days in jail. Allman timely appealed.

REVIEW OF ALLMAN'S APPELLATE CHALLENGES

I. *Did Allman preserve his objections to the district court's pretrial rulings?*

Allman first argues the district court erred in denying his motion to suppress and his motion in limine. Before we address the merits of Allman's claims, we must determine whether he has preserved them. Two preservation rules are relevant to this analysis: Kansas Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) and K.S.A. 60-404.

Under Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36), each issue in an appellant's brief "must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on." If an issue was not raised below, the appellant must explain why the issue is properly before the court. The Kansas Supreme Court has warned that Rule 6.02(a)(5) will be strictly enforced, and litigants who fail to comply risk a ruling that the issue is

4

improperly briefed and will be deemed waived or abandoned. *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022).

K.S.A. 60-404, referred to as the contemporaneous objection rule, provides that an appellate court cannot review an evidentiary challenge absent a timely and specific objection on the record. Under this rule, any pretrial objection to the admission or exclusion of evidence must be preserved by contemporaneously objecting at trial, which can be accomplished through a standing objection. *State v. Showalter*, 318 Kan. 338, 345, 543 P.3d 508 (2024). "Kansas appellate courts have sometimes declined to strictly apply the contemporaneous objection rule in certain contexts, but only after finding the underlying purpose for the rule has been satisfied." 318 Kan. at 346.

The State asks us to find this issue unpreserved because Allman failed to point out in his initial brief where he renewed his objection when the State presented the evidence he sought to suppress or exclude at trial. Allman admitted in his reply brief that he did not object to the admission of this evidence at trial, but he asks us to deviate from the contemporaneous objection rule because he claims both the district court and the State knew of his objections to the evidence through his prior motions and request for modification of a jury instruction. We see a few problems with Allman's argument.

First, Allman did not address preservation until his reply brief. Recently, the Kansas Supreme Court held that the failure to raise "an exception to the preservation rule in the opening brief . . . cannot be cured in the reply brief." *Schutt v. Foster*, 320 Kan. 852, 857, 572 P.3d 770 (2025). Therefore, under Supreme Court Rule 6.02(a)(5), Allman has waived his right to appeal the denial of his pretrial motions because he did not raise any preservation exceptions in his initial brief. Similarly, we find he waived his right to appeal under K.S.A. 60-404 by failing to object at any point during trial to the admission of the disputed evidence. While Allman argues that Kansas appellate courts have allowed

parties to deviate from the rule requiring contemporaneous specific objections, the cases he cites do not support this assertion in the context of this case.

To begin, Allman cites *State v. Branning*, 271 Kan. 877, 880, 26 P.3d 673 (2001), which acknowledges that a continuing objection can cure a later failure to object to the same evidence being admitted at trial. But Allman did not request a continuing objection at the start of trial or upon the first entry of the disputed materials. So *Branning* does not apply.

Next, Allman cites *State v. Kelly*, 295 Kan. 587, 592, 285 P.3d 1026 (2012), to argue that a contemporaneous objection is not required in a bench trial on stipulated facts. Allman asks us to find his situation was similar because he asserts that the parties knew what Deputy Speilman would say at trial since he testified at a pretrial hearing. But critical differences remain. The *Kelly* court explained the reasons behind the contemporaneous objection rule—to allow the district court to reconsider its original ruling if the evidence at trial is different from that submitted at a pretrial hearing or if the court views the evidence differently depending on how it unfolds at trial—are not present in a bench trial on stipulated facts. This is because everyone knows the facts and how they will unfold based on the stipulation. 295 Kan. at 591.

Yet the same cannot be said for a jury trial. Just because Deputy Speilman testified at a pretrial hearing does not rule out the possibility that his trial testimony might be different (as recognized in *Kelly*). And Allman's argument ignores the context for the evidence that the jury trial provided the court, which could have allowed it to reconsider its ruling had Allman raised the issue. The *Kelly* court also noted that requiring a defendant to object to stipulated facts would contradict the purpose of the stipulation, another nuance missing from Allman's situation. 295 Kan. at 592. Therefore, *Kelly* does not help his cause, either.

Lastly, Allman cites *State v. Winston*, 281 Kan. 1114, 1126, 135 P.3d 1072 (2006), to argue that making repeated contemporaneous objections without specifically requesting a continuing objection can preserve a missed objection that contributes to the same underlying purpose. In *Winston*, the defense sometimes objected when gang affiliation was mentioned, but at no point did defense counsel explicitly request a continuing objection. 281 Kan. at 1126. Yet because the objections that were made sufficiently demonstrated the intent to exclude gang affiliation, the court found the lack of objection to every instance did not undermine the purpose of K.S.A. 60-404(a)(5). Unlike the defendant in *Winston*, Allman did not make any objections at trial. Allman's assertion that the pretrial motions demonstrate the pattern required by *Winston* is unfounded, as the pattern must occur during trial to support an underlying purpose argument. *State v. Sims*, 265 Kan. 166, 176, 960 P.2d 1271 (1998). We find his reliance on *Winston* is misplaced as well.

For these reasons, we find Allman failed to preserve his claims that the district court erred in denying his pretrial motions to suppress or exclude evidence from trial, which prevents our consideration of them on appeal.

II. *Did the district court err by refusing to instruct the jury on what constitutes operation of a vehicle and that mere physical control is insufficient?*

Allman next argues the district court erred by refusing his proposed jury instruction regarding physical control of the vehicle being insufficient to establish operation or attempted operation of a motor vehicle. Allman argues that the evidence, viewed in the light most favorable to him, showed that he never operated or attempted to operate the vehicle. The State asserts that the jury instruction given encompassed a higher standard that necessarily excluded mere physical control from being considered sufficient.

7

*Standard of review*

When analyzing jury instructions, appellate courts follow a three-step process:

> "(1) determine whether the appellate court can or should review the issue, in other words, whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal; (2) consider the merits of the claim to determine whether error occurred below; and (3) assess whether the error requires reversal—in other words, whether the error can be deemed harmless." *State v. Hollins*, 320 Kan. 240, 242, 564 P.3d 778 (2025).

See K.S.A. 22-3414(3) ("No party may assign as error the giving or failure to give an instruction . . . unless the party objects thereto before the jury retires to consider its verdict . . . unless the instruction or the failure to give an instruction is clearly erroneous.").

At the second step, appellate courts consider whether the instruction was legally and factually appropriate, using an unlimited standard of review of the entire record. *Hollins*, 320 Kan. at 242.

"Whether a party has preserved a jury instruction issue affects the appellate court's reversibility inquiry at the third step." *State v. Peters*, 319 Kan. 492, 515, 555 P.3d 1134 (2024). When a party fails to object to a jury instruction at trial, an appellate court reviews the instruction to determine whether it was clearly erroneous. *State v. Martinez*, 317 Kan. 151, 162, 527 P.3d 531 (2023).

> "For a jury instruction to be clearly erroneous, the instruction must be legally or factually inappropriate and the court must be firmly convinced the jury would have reached a different verdict if the erroneous instruction had not been given. The party claiming clear error has the burden to show both error and prejudice." *State v. Mendez*, 319 Kan. 718, 727-28, 559 P.3d 792 (2024).

But if the challenging party preserved the issue below and the instructional error impacts a constitutional right, an appellate court assesses whether the error was harmless under the federal constitutional harmless error standard, which is whether there was no reasonable possibility that the error contributed to the verdict. *State v. Holley*, 313 Kan. 249, 256-57, 485 P.3d 614 (2021).

Although a criminal defendant is entitled to instructions on the law applicable to their defense theory if there is sufficient evidence for a rational factfinder to find for the defendant on that theory, this does not mean a defendant is entitled to every permissible instruction touching on that defense theory. *State v. Wimbley*, 313 Kan. 1029, 1034-35, 493 P.3d 951 (2021).

*Allman failed to object to the jury instructions at trial.*

At the final pretrial conference, Allman asked for the following language to be included with the PIK instructions on DUI: "Taking actual physical control of the vehicle is insufficient to attempt to operate that vehicle without an attempt to make it move." At this time, the State was not prepared to agree with the inclusion, requesting that it be discussed the next day when preparing the jury instructions at trial. The court, however, decided that the use of the most up-to-date PIK instructions, which included the definitions of operate or attempt to operate, would be sufficient. Allman agreed to this instruction, stating that he thought "if the Court gives that language that accomplishes the same purpose" as his requested instruction.

Thirteen minutes after jury deliberations began, the jury submitted two questions to the court. First, the jury asked: "Does Kansas law state that an individual is guilty of DUI if in the driver's seat with the keys in the ignition and alcohol in system?" The second question asked: "Is the charge about just driving or attempting to drive." When the jury returned with these questions, Allman reiterated the arguments he had made at

9

the pretrial conference regarding the clarification of physical control being insufficient to support a DUI conviction under *State v. Zeiner*, 316 Kan. 346, 515 P.3d 736 (2022), and *State v. Darrow*, 304 Kan. 710, 374 P.3d 673 (2016). The district court denied Allman's request to give his suggested language in response to the jury's questions, instead directing the jury to refer to the instructions given.

This sequence of events is important because it impacts which standard of review we use to review his challenge. Allman contends the harmless error standard applies. But since Allman did not object at trial to the use of the standard PIK instructions without the additional physical control language he requested, we review the failure to add Allman's requested language to the jury instructions for clear error.

*We are not firmly convinced the verdict would have been different if Allman's additional language had been included.*

The State agrees that Allman's requested language was both legally and factually appropriate. Therefore, we need only decide whether we are firmly convinced the jury would have reached a different verdict if the judge had included the additional language Allman requested in the jury instructions. *Mendez*, 319 Kan. at 727-28.

To begin, the State correctly notes a party is not entitled to any proposed instruction merely because it is legally and factually appropriate. *Wimbley*, 313 Kan. at 1035. We must look at whether the jury instructions as a whole were sufficient, meaning whether they properly and fairly stated the law and were not reasonably likely to mislead the jury. *State v. Hilyard*, 316 Kan. 326, 334, 515 P.3d 267 (2022).

The jury was instructed that Allman was "charged with operating or attempting to operate a vehicle while the alcohol concentration in his breath is .08 or more." And it was also given the optional definitions in the PIK of operating and attempting to operate:

10

"'Operating' a vehicle means 'driving,' which requires movement of the vehicle. 'Attempt to operate' a vehicle means an attempt to move the vehicle." We see no potential for confusion in these instructions and, in fact, the additional language Allman requested would have been redundant and unnecessary since both definitions specify movement of the vehicle or attempted movement of the vehicle is required.

A jury is presumed to follow the instructions given to it. *State v. Reid*, 286 Kan. 494, 521, 186 P.3d 713 (2008). And the Kansas Supreme Court ""'strongly recommend[s] the use of PIK instructions, which knowledgeable committees develop to bring accuracy, clarity, and uniformity to instructions.'"" *Hollins*, 320 Kan. at 244. With these instructions, the jury was informed that Allman had to either drive the vehicle or attempt to move the vehicle to be guilty of DUI. The jury was required to return a not guilty verdict if it believed reasonable doubt existed that Allman's defense—that someone else drove him to the location and he never subsequently attempted to move the vehicle—was true. And just because the jury asked questions does not mean they did not apply the instructions given. We do not find the court's instruction to the jury was clearly erroneous.

III. *Was there sufficient evidence to support the verdict?*

Allman lastly argues there was insufficient evidence to support his conviction. He maintains that the State relied on inference stacking to prove the element regarding operation or attempted operation of the vehicle.

*Standard of review*

In a criminal case:

"When a defendant challenges the sufficiency of the evidence, we review the evidence in a light most favorable to the State to determine whether a rational fact-finder

11

could have found the defendant guilty beyond a reasonable doubt. We do not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses." *Mendez*, 319 Kan. at 723.

Furthermore, "[i]t is only in rare cases where the testimony is so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed." *Zeiner*, 316 Kan. at 350.

Even when most of the evidence is circumstantial, this can support a conviction of even the gravest offense if the evidence allows a factfinder to find the elements beyond a reasonable doubt. To sufficiently support the conviction, circumstantial evidence does not need to exclude every other reasonable conclusion. *State v. Barnes*, 320 Kan. 147, 177-78, 563 P.3d 1255 (2025). Nor is there any legal distinction between direct and circumstantial evidence in terms of its respective probative value. *State v. Kemmerly*, 319 Kan. 91, 102, 552 P.3d 1244 (2024).

*The evidence presented at trial was enough for a rational factfinder to find Allman guilty beyond a reasonable doubt.*

Allman contends that when taken in the light most favorable to the State, the evidence is insufficient to support a guilty verdict. The State needed to prove beyond a reasonable doubt that Allman violated K.S.A. 8-1567(a), which states:

"(a) Driving under the influence is operating or attempting to operate any vehicle within this state while:

(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence, including other competent evidence, as defined in K.S.A. 8-1013(f)(1), and amendments thereto, is 0.08 or more;

(2) the alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle, is 0.08 or more; [or]

12

(3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle."

Allman's argument pertains solely to the operate or attempt to operate language of the statute.

Allman's argument against the sufficiency of the evidence on operation rests squarely on the testimony of Deputy Speilman having an initial "hunch" that Allman may have been drinking and driving. Beyond this, Allman asserts that the rest of the evidence is circumstantial and cannot support this conclusion because Deputy Speilman did not actually see him moving the car or trying to move the car.

Allman relies on several cases which he asserts show that there must be an overt act in furtherance of operation or attempting to operate the vehicle to sustain a DUI conviction. And he attempts to distinguish his situation from the situations in these cases, which all involve defendants convicted of DUI. In *Darrow*, the defendant fumbled with the gear shift after being awoken by the officer and was convicted. 304 Kan. at 711. In *State v. Sprague*, No. 105,827, 2012 WL 3822625, at *1-2 (Kan. App. 2012) (unpublished opinion), the defendant was found sleeping in the driver's seat of a truck that was running and was convicted. In *State v. Adame*, 45 Kan. App. 2d 1124, 1126-27, 257 P.3d 1266 (2011), the officer observed the defendant pushing a non-running car down the road and hitting another vehicle, and the jury convicted the defendant. Lastly, in *State v. Stottlemire*, No. 105,284, 2011 WL 4357860, at *2 (Kan. App. 2011) (unpublished opinion), the defendant got into the car, started the vehicle, and went to sleep. Officers did not observe the overt act in that case, and the jury convicted the defendant there as well.

But just because these cases have different facts does not mean the facts here provide insufficient circumstantial evidence to support Allman's conviction. And,

13

actually, we find the facts in *Sprague* particularly analogous. This court, under substantially similar circumstances as here, affirmed Sprague's DUI conviction despite it being based entirely on circumstantial evidence. And the jury in *Sprague* asked almost identical questions as the jury in this case and received an almost identical direction from the district court to refer to the jury instructions. 2012 WL 3822625, at *2.

Like Allman, Sprague claimed the evidence in his case was insufficient to show he drove or operated the vehicle. In both cases, the defendants alleged that someone else had driven them to the location but could not remember how they had ended up in the driver's seats. In *Sprague*, this court held: "The jury could infer from the evidence that [the defendant] had driven the truck home because he was found in the driver's seat with the engine still running." 2012 WL 3822625, at *7. Though the vehicle in this case was not running, the keys were in the ignition, the gear shift was in drive, and the vehicle's owner told the officers that Allman had been on his way to her house.

As in *Sprague*, the jury here heard Allman's story about what he claimed happened and did not find it credible. 2012 WL 3822625, at *7. When the evidence is viewed in the light most favorable to the prosecution, a rational factfinder could have found Allman guilty of attempting to operate a motor vehicle under the influence of alcohol. We therefore affirm his conviction.

Affirmed.