No. 104,020

STATE OF KANSAS, *Appellee,* v. SERGIO CERVANTES-PUENTES,
*Appellant.*
(303 P.3d 258)

Opinion filed June 14, 2013.

*Michelle A. Davis*, of Kansas Appellate Defender Office, argued the cause, and *Matthew J. Edge*, of same office, was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: Sergio Cervantes-Puentes appeals his conviction of one count of aggravated indecent liberties with a child and sentence of life without the possibility of parole for 25 years. We affirm his conviction and sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2009, the State charged Cervantes-Puentes with one count of aggravated indecent liberties with a child. At trial, the State established that Cervantes-Puentes approached a 13-year-old female, C.M.B., in a store in Wichita, pretended he was trying to find a shirt that would fit his daughter, held a shirt up to C.M.B., and, while standing behind C.M.B., rubbed his erect, clothed penis against her clothed buttocks. C.M.B. immediately walked away and reported the incident to her mother who, in turn, reported the incident to store security. Cervantes-Puentes was apprehended before he left the store, and C.M.B. confirmed he was the man involved in the incident. At trial, C.M.B. again identified Cervantes-Puentes as the man who approached her and brushed against her in the store.

Pursuant to K.S.A. 2009 Supp. 60-455, the State presented evidence at trial that Cervantes-Puentes had similar encounters with adult women in other Wichita stores between March and May

2009. Specifically, the State presented testimony from two witnesses, S.B. and D.B., each of whom testified that Cervantes-Puentes approached them on separate occasions in a store, pretended to need assistance in sizing and purchasing a shirt for his wife, and rubbed his clothed erection against their clothed backsides. The State also introduced a surveillance video depicting Cervantes-Puentes performing the same actions with a third, unidentified female victim from the same store where the incidents involving S.B. and D.B. occurred.

Cervantes-Puentes testified at trial that he frequently buys clothing to send to his wife and three daughters who live in Mexico. He further admitted that he approached C.M.B. and held a shirt up to her to see if it would fit his oldest daughter, but he denied that his decision to approach C.M.B. or his action in holding the shirt up to her were sexually motivated.

The jury found Cervantes-Puentes guilty of aggravated indecent liberties with a child in violation of K.S.A. 21-3504(a)(3)(A) (lewd fondling or touching of a child under 14 years of age with intent to arouse or satisfy the sexual desires of child, offender, or both). The district court denied both Cervantes-Puentes' motion challenging the constitutionality of his anticipated sentence and his motion for a sentencing departure and imposed a sentence of life imprisonment with no possibility of parole for 25 years under "Jessica's Law," K.S.A. 21-4643(a)(1)(C). We have jurisdiction over Cervantes-Puentes' direct criminal appeal under K.S.A. 22-3601(b)(1) (life sentence imposed under K.S.A. 21-4643; case docketed before July 1, 2011).

## DISCUSSION

*Cervantes-Puentes failed to provide an adequate appellate record to support his first claim of error.*

Cervantes-Puentes challenges his conviction on only one ground. Specifically, he alleges the district court erred in admitting in-court identifications from S.B. and D.B. because prior to trial, each witness was shown an impermissibly suggestive photo array.

Ordinarily, trial courts apply a two-step process to determine whether to admit or suppress an eyewitness identification. First,

the court determines whether the procedure used for making the identification was impermissibly suggestive. *State v. Mitchell*, 294 Kan. 469, 476, 275 P.3d 905 (2012); *State v. Corbett*, 281 Kan. 294, 304, 130 P.3d 1179 (2006). Second, if the challenged procedure is found to be impermissibly suggestive, the court considers eight factors to determine whether, under the totality of the circumstances, there was a substantial likelihood of misidentification. *Mitchell*, 294 Kan. at 476-78; *Corbett*, 281 Kan. at 304-05.

This two-part analysis applies equally when determining whether to admit or suppress an in-court identification that has allegedly been tainted by a pretrial identification procedure. See *State v. Ponds*, 227 Kan. 627, 630, 608 P.2d 946 (1980) (stating that "in-court identifications may be capable of standing on their own even though preceded by deficient pretrial confrontations," and noting that courts should consider various factors "to test the reliability of the courtroom identification").

On appeal, we ordinarily apply a bifurcated standard to review a district court's decision to admit or suppress an eyewitness identification. We review the district court's factual findings to determine whether those findings are supported by substantial competent evidence and review the legal conclusions drawn from those findings de novo. *Corbett*, 281 Kan. at 304.

Here, in response to Cervantes-Puentes' argument that S.B. and D.B. viewed an impermissibly suggestive photo array prior to trial, the district court held a hearing to consider the admissibility of the eyewitnesses' anticipated in-court identifications. The court heard testimony from the detective who assembled the photo array, reviewed the photo array, determined the photo array was not impermissibly suggestive, and overruled the motion to suppress the photo array and the eyewitness identifications without considering any factors related to reliability.

At trial, the State did not admit the photo array or elicit any testimony from the witnesses regarding the fact that they viewed the photo array before trial. Moreover, defense counsel did not elicit any testimony from the witnesses regarding any of the factors commonly considered to challenge the reliability of an eyewitness identification.

Although the State did not admit the photo array or any testimony regarding it at trial, Cervantes-Puentes maintains on appeal that the photo array was impermissibly suggestive because his photo was the only photo with "a larger gap of empty space between the top of the head and the top frame of the photo." He contends the array highlighted his short stature, thereby resulting in "a substantial likelihood that S.B. and D.B. misidentified [him]" based on the "suggestive photo array."

But Cervantes-Puentes failed to include the photo array in the appellate record, preventing our review of the district court's factual findings and legal conclusion regarding the array. See *State v. McCullough*, 293 Kan. 970, 999, 270 P.3d 1142 (2012) (reiterating that party alleging trial error has burden to designate record affirmatively showing prejudicial error). Further, even if appellate counsel had included the photo array in the appellate record, the lack of a trial record regarding the factors ordinarily considered in determining the reliability of an eyewitness identification would hinder our ability to conduct the second part of the analysis. Accordingly, we affirm Cervantes-Puentes' conviction.

*Cervantes-Puentes failed to properly preserve or present any constitutional challenges to his sentence.*

Cervantes-Puentes challenges the constitutionality of his sentence on two grounds: (1) a case-specific claim under § 9 of the Kansas Constitution Bill of Rights, and (2) a categorical claim under the Eighth Amendment to the United States Constitution. We reject these sentencing challenges because Cervantes-Puentes' trial counsel failed to ensure adequate findings from the district court on his § 9 claim, and his appellate counsel failed to construct a valid categorical Eighth Amendment claim.

### Case-specific claim

In the district court, Cervantes-Puentes' trial counsel raised and argued a case-specific claim under § 9 of the Kansas Constitution Bill of Rights. But the district court failed to make any factual findings regarding this claim, and Cervantes-Puentes' trial counsel did not request such findings.

At oral argument before this court, Cervantes-Puentes' appellate counsel conceded Cervantes-Puentes' case-specific § 9 claim is not properly before us because of the lack of factual findings by the district court regarding the first prong of the three-prong test from *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978). See also *State v. Seward*, 296 Kan. 979, 981, 297 P.3d 272 (2013) ("When considering a case-specific disproportionality challenge to a sentence under the Eighth Amendment and § 9, a district judge must make factual findings and draw conclusions of law."); *State v. Ortega-Cadelan*, 287 Kan. 157, 161, 194 P.3d 1195 (2008) (noting that considerations under the first *Freeman* prong are "inherently factual"). Further, as we have often held, the defendant is responsible for ensuring the district court makes the factual findings necessary for appellate review. See *State v. Raskie*, 293 Kan. 906, 923-24, 269 P.3d 1268 (2012) (emphasizing that defendants are responsible for ensuring the district court makes adequate findings under *Freeman* to permit appellate review); *State v. Seward*, 289 Kan. 715, 720, 217 P.3d 443 (2009) (same); see also *State v. Berriozabal*, 291 Kan. 568, 592, 243 P.3d 352 (2010) (noting that *Seward* clarified that defendant bears burden to ensure adequate *Freeman* findings at district court level). Cervantes-Puentes' trial counsel's failure to request adequate factual findings from the district court prevents us from considering Cervantes-Puentes' case-specific § 9 claim.

*Categorical claim*

Next, Cervantes-Puentes relies on the categorical analysis set forth in *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), to raise what he characterizes as a categorical Eighth Amendment challenge to the proportionality of his sentence. In *Graham*, the United States Supreme Court considered the proportionality of a term-of-years sentence " 'as it applie[d] to an *entire* class of offenders who have committed a *range* of crimes.' " *State v. Mossman*, 294 Kan. 901, 928, 281 P.3d 153 (2012) (quoting *Graham*, 130 S. Ct. at 2022-23). We have recognized that an Eighth Amendment categorical claim involves a question of law

and may be raised for the first time on appeal. *State v. Gomez*, 290 Kan. 858, 865-66, 235 P.3d 1203 (2010).

Nevertheless, we reject this claim because Cervantes-Puentes' appellate counsel failed to construct a valid categorical claim. Cervantes-Puentes asks this court to consider the constitutionality of a hard 25 sentence for first-time offenders convicted of committing a sexual offense against a minor when the offense does not involve penetration, force, or coercion. As we have in the past, we decline to consider a purported categorical claim that, in reality, presents a case-specific proportionality challenge to a term-of-years sentence. See *State v. Florentin*, 297 Kan. 594, 303 P.3d 263 (2013), slip op. at 13 (rejecting defendant's attempt to define the range of crimes for his categorical claim as rape by " 'consensual digital penetration of the victim, who is thirteen years or older,' " when crime involves no " 'force, prostitution or pornography, a weapon, or . . . bodily injury to the victim' "); *Mossman*, 294 Kan. at 928 (rejecting defendant's attempt to define range of crimes for his categorical claim as "crimes to those involving sex with a child who is 14 or 15 where the crime is committed without any element of force, coercion, prostitution, or pornography"). Accordingly, we reject Cervantes-Puentes' purported categorical claim.

As a final matter, given the specific facts of this case, we note that the district court denied Cervantes-Puentes' motion for a sentencing departure under K.S.A. 21-4643(d), but appellate counsel has not challenged that denial on appeal.

Affirmed.