IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 118,737

STATE OF KANSAS,
*Appellee*,

v.

FILIBERTO B. ESPINOZA JR.,
*Appellant.*

SYLLABUS BY THE COURT

A defendant making an as-applied challenge to the constitutionality of a sentence under § 9 of the Kansas Constitution Bill of Rights has an obligation to ensure an adequate factual record is developed in district court. If necessary, this requires the defendant to file a motion invoking the judge's duty to make findings of fact and conclusions of law under Supreme Court Rule 165 (2020 Kan. S. Ct. R. 215).

Appeal from Wyandotte District Court; ROBERT W. FAIRCHILD, judge. Opinion filed April 24, 2020. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Lois Malin*, assistant district attorney, *Mark A. Dupree Sr.,* district attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  The State charged Filiberto B. Espinoza Jr. with one count of premeditated first-degree murder, conspiracy to commit aggravated robbery, and

1

attempted aggravated robbery for the killing of Louis Scherzer. During the trial, Espinoza pleaded guilty to first-degree felony murder—an off-grid person felony mandating a hard 25 sentence. See K.S.A. 2019 Supp. 21-5402(a)(2), (b); K.S.A. 2019 Supp. 21-6620(b)(1). But before sentencing, Espinoza challenged the constitutionality of his hard 25 sentence as applied to the facts of his case under § 9 of the Kansas Constitution Bill of Rights. The district court denied his challenge, finding the sentence constitutional. Espinoza now challenges the district court's decision on direct appeal.

Before the district court, Espinoza acknowledged his offense mandated the hard 25 sentence. See K.S.A. 2019 Supp. 21-5402(a)(2), (b) (defining first-degree felony murder as an off-grid person felony); K.S.A. 2019 Supp. 21-6620(b)(1) (stating that defendants convicted of first-degree felony murder "shall not be eligible for parole prior to serving 25 years' imprisonment"). But before sentencing, he moved for a durational departure arguing that this mandated sentence was unconstitutional as applied to him given the facts of the case.

Espinoza continued to assert his constitutional claims orally at sentencing. He argued that the three-pronged proportionality test announced in *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978), required the district court to assess the specific facts of his case to determine the constitutionality of his sentence under § 9 of the Kansas Constitution Bill of Rights. Espinoza then listed facts from his case he believed weighed in favor of granting a durational departure.

The district court denied this request, finding Espinoza's hard 25 sentence constitutional:

"As both parties have acknowledged, the statute K.S.A. 21-6620 provides that the Court should not make any suspension, modification, or reduction of the sentence. The Court is bound by that statute and I have no reason to believe that it's unconstitutional. So the defendant's motion to depart is denied."

In making this decision, the district court did not make any factual findings concerning Espinoza's as-applied constitutional challenge. On appeal, Espinoza argues the district court erred when it failed to make such findings. He requests a remand to the district court to develop the necessary factual record.

Disproportionality challenges based on § 9 of the Kansas Constitution Bill of Rights require both legal and factual inquiries. *State v. Patterson*, 311 Kan. __, 455 P.3d 792, 801 (2020). And a factual record is required for any meaningful appellate review. 455 P.3d at 801 ("'[A] challenge under § 9 of the Kansas Constitution Bill of Rights generally cannot be raised for the first time on appeal because of the factual inquiries involved.'"). We have repeatedly emphasized that it is the defendant's responsibility to ensure the district court makes the factual findings necessary for appellate review. See, e.g., 455 P.3d at 801-02 (stating that this court has "repeatedly emphasized" that the defendant bears the responsibility of ensuring that the district court makes adequate factual findings); *State v. Cervantes-Puentes*, 297 Kan. 560, 565, 303 P.3d 258 (2013) (same); *State v. Seward*, 289 Kan. 715, Syl. ¶ 3, 217 P.3d 443 (2009) (same).

This responsibility goes beyond merely raising a constitutional claim. Our decision in *Seward* controls the outcome here. There, as here, Seward filed a motion for a downward departure and raised the constitutional claim at sentencing. The *Seward* court recognized that Seward had—at least in part—preserved the issue by calling the district court's attention to his constitutional challenge. 289 Kan. at 718. But his efforts "stopped

short of moving under Rule 165 to prompt the district judge to place specific findings of fact and conclusions of law on the constitutional challenges in the record." 289 Kan. at 718-19. Although the unique circumstances of Seward's case led to a remand due to the "newness of the constitutional issues," the *Seward* court precluded this remedy for future litigants:

> "We emphasize that we believe this case to be exceptional. In the future, a defendant who wishes to appeal on the basis of a constitutional challenge to a sentencing statute must ensure the findings and conclusions by the district judge are sufficient to support appellate argument, by filing of a motion invoking the judge's duty under Rule 165, if necessary." 289 Kan. at 721.

We have enforced this rule consistently against other defendants. In *State v. Reed*, 300 Kan. 494, 332 P.3d 172 (2014), the defendant argued his hard 40 sentence violated the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. The trial judge failed to make factual findings. And on appeal, we rejected Reed's request for a remand:

> "Reed ignores the fact that he neither objected to the judge's insufficient findings at the hearing, nor subsequently filed a motion under Supreme Court Rule 165 (2013 Kan. Ct. R. Annot. 265) or otherwise asked the sentencing judge to make factual findings.
>
> . . . .
>
> "Because of the factual components of Reed's arguments, Reed should have been aware that he was responsible for making sure there were adequate findings on the record. Having failed to do so, Reed's state and federal constitutional challenges fail, and we affirm the sentencing judge's imposition of concurrent life sentences without the possibility of parole for 40 years." 300 Kan. at 514.

The outcome must be the same here. Espinoza did not object to the district court's failure to make factual findings at sentencing and he did not file a motion under Kansas Supreme Court Rule 165 (2020 Kan. S. Ct. R. 215). Because Espinoza failed to meet this obligation, his as-applied challenge to the constitutionality of his hard 25 sentence is not amenable to appellate review.

Affirmed.

PATRICK D. MCANANY, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge McAnany was appointed to hear case No. 118,737 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court by the retirement of Chief Justice Lawton R. Nuss.