NOT DESIGNATED FOR PUBLICATION

No. 123,315

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN MARTIN BLICK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed February 4, 2022. Affirmed.

*Daniel W. Cramer*, of Cramer Law Firm, L.L.C., of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL and GARDNER, JJ.

PER CURIAM: Steven Blick appeals his conviction under K.S.A. 8-1738(a), which prohibits use of a vehicle horn when it is not "reasonably necessary to insure safe operation." Blick asserts on appeal that the statute is unconstitutionally overbroad, but Blick made a different argument to the district court. We find that Blick failed to preserve this constitutional challenge as he did not raise it in the district court and no exceptions to the preservation rule apply.

1

*Factual and Procedural Background*

Blick was driving his vehicle on U.S. 54 highway in Sedgwick County around 4:12 a.m. on September 3, 2016. Four police officers were responding to a call at a Kwik Shop on U.S. 54 when Blick drove by. When Blick saw the police, he honked his horn and left it blaring as he drove about a quarter mile.

Deputy Jason White, one of the officers at the Kwik Shop, thought Blick might be trying to warn them of an emergency so he followed Blick's vehicle, activated his emergency equipment, and stopped the car. White asked Blick for his driver's license and insurance and asked why he had honked his horn. Blick responded that there was no emergency and that he had honked because he was frustrated with law enforcement, mentioning some issues with a previous DUI.

White soon smelled alcohol and saw that Blick had bloodshot eyes. Based on this, White performed a DUI investigation, then cited Blick for DUI and for improper use of his horn under K.S.A. 8-1738. That statute provides:

> "Every motor vehicle when operated upon a highway shall be equipped with a horn in good working order and capable of emitting sound audible under normal conditions from a distance of not less than 200 feet, but no horn or other warning device shall emit an unreasonably loud or harsh sound or whistle. The driver of a motor vehicle when reasonably necessary to insure safe operation shall give audible warning with his horn but shall not otherwise use such horn when upon a highway." K.S.A. 2020 Supp. 8-1738(a).

Blick moved to suppress evidence obtained during the stop, arguing that White's stop was a public safety stop and that White had exceeded the scope of such a stop. Alternatively, Blick argued that White had made a traffic stop without reasonable suspicion or probable cause to believe that Blick had committed or was committing a

2

crime and "in retaliation for having engaged in expressive conduct protected by the First Amendment of the United States Constitution."

In reply, the State agreed that the stop was not a public safety stop. Still, it argued that the initial stop was legal because White reasonably suspected that Blick had violated the honking statute, K.S.A. 8-1738. And the State defended the constitutionality of that statute, relying on rulings from other jurisdictions that horn honking is not protected conduct under the First Amendment.

White was the only person to testify at the suppression hearing. After considering his testimony, the district court ruled that White had reasonable suspicion to stop Blick based on his belief that Blick had violated the honking statute. The district court also found, based on the caselaw presented at the hearing and the lack of caselaw in Kansas, that the statute was constitutional.

The parties submitted the case to a bench trial on stipulated facts. The district court then found Blick guilty of driving under the influence under K.S.A. 2016 Supp. 8-1567(a)(2) and improper or unnecessary use of a horn under K.S.A. 2016 Supp. 8-1738(a). It sentenced Blick to six months in jail but granted Blick probation after serving 48 hours in custody.

Blick appeals.

*Did Blick Properly Preserve This Issue for Appellate Review?*

Blick bases his assertion that his stop was illegal in his argument that K.S.A 8-1738(a) is unconstitutionally overbroad under the First Amendment and section 11 of the Kansas Constitution Bill of Rights. But before we can reach the merits of that issue, we must address a procedural matter—the State's assertion that Blick's constitutional

3

challenge is not properly before this court for review because Blick raises the overbreadth issue for the first time on appeal. Generally, issues not raised before the district court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

The State correctly shows that to the district court, Blick did not reference or analyze K.S.A. 8-1738(a), did not make an overbreadth challenge to the statute, and did not mention the Kansas Constitution. Rather, Blick made only a brief First Amendment argument consisting of one paragraph:

> "Deputy White initiated a traffic stop without reasonable suspicion or probable cause to believe Mr. Blick had committed or was committing a crime and in retaliation for having engaged in expressive conduct protected by the First Amendment of the United States Constitution. The government cannot enforce traffic laws, or any other laws, to punish drivers for their expressive conduct. When someone is communicating in a public street, he is expressing himself in a way that's protected by the First Amendment. Unless there is a strong reason why the government should be allowed to censor that speech, the police should not be stopping or prosecuting people because of the content of their speech. See, e.g., *Elli v.* [*City of Ellisville, Mo.*, 997 F. Supp. 2d 980 (E.D. Mo. 2014)]."

Blick's First Amendment retaliation challenge to K.S.A. 8-1738(a) to the district court thus argued that his horn honking was expressive conduct protected by the First Amendment, and that White had stopped him in retaliation for such conduct.

Blick argued to the district court a First Amendment retaliation claim.

> "'Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.'"

4

*Requena v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018), quoting *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

See *Grammer v. Kansas Dept. of Corrections*, 57 Kan. App. 2d 533, 537, 455 P.3d 819 (2019). Blick's First Amendment argument in his motion to suppress thus neither mentioned overbreadth nor specified that he was challenging the law as violating his right to free speech.

But on appeal, Blick's primary contention is that K.S.A. 8-1738(a) is unconstitutionally overbroad. An overbroad statute makes conduct punishable, which under some circumstances is constitutionally protected. "A successful overbreadth challenge can thus be made only when (1) the protected activity is a significant part of the law's target, and (2) there exists no satisfactory method of severing that law's constitutional from its unconstitutional applications." *State v. Whitesell*, 270 Kan. 259, Syl. ¶ 6, 13 P.3d 887 (2000). This argument is different in kind than the argument Blick made to the district court.

Although overbreadth and free speech claims both originate in the First Amendment, they do not raise the same constitutional grounds. "A person may challenge a law as expressly violating a specific right under the First Amendment. At the same time, a person may also challenge a law as being so overbroad as to infringe upon First Amendment rights." *City of Wichita v. Trotter*, 60 Kan. App. 2d 339, 358, 494 P.3d 178 (2021). But "different rules guide a court's analysis when considering an argument that a law expressly violates the First Amendment and when considering an argument that a law is so broad that it impermissibly punishes conduct protected under the First Amendment." 60 Kan. App. 2d at 358. See *State v. Turner*, No. 105,433, 2012 WL 1352831, at *2 (Kan. App. 2012) (unpublished opinion) (finding overbreadth argument unpreserved when litigant lumped all First Amendment challenges together and argued in district court only that a statute unconstitutionally restricted his right to free speech under the

5

First Amendment). Similarly, we analyze Blick's assertion that officers stopped him in retaliation for his exercise of his First Amendment rights differently from his challenge that the honking statute is overbroad.

The district court had no reason to believe that Blick had raised a First Amendment overbreadth challenge. The only case Blick cited to develop his First Amendment retaliation argument was *Elli v. City of Ellisville*, 997 F. Supp. 2d 980 (E.D. Mo. 2014), which did not involve overbreadth. The State cited several cases in reply, including *Meaney v. Dever*, 326 F.3d 283 (1st Cir. 2003), *Weil v. McClough*, 618 F. Supp. 1294 (S.D. NY 1985), and *State v. Compas*, 290 Mont. 11, 964 P.2d 703 (1998). Of these cases, only *Weil* mentions overbreadth, yet even that case was not decided on overbreadth grounds. And neither of the parties argued overbreadth during their closing arguments at the motion to suppress hearing.

The district court ruled directly after these arguments and for good reason did not mention overbreadth. Still, Blick did not ask the district court to provide additional findings or clarification to allow appellate review. And our Supreme Court has repeatedly emphasized that it is the defendant's responsibility to ensure the district court makes the factual findings necessary for appellate review. See, e.g., *State v. Patterson*, 311 Kan. 59, 72, 455 P.3d 792 (2020); *State v. Cervantes-Puentes*, 297 Kan. 560, 565, 303 P.3d 258 (2013) (same). This responsibility goes beyond merely raising a constitutional claim. *State v. Espinoza*, 311 Kan. 435, 437, 462 P.3d 159 (2020). Blick has not preserved his First Amendment overbreadth claim.

The same is true for Blick's challenge under section 11 of the Kansas Constitution. As the State notes, Blick did not mention the Kansas Constitution in his motion to suppress. Thus, that claim is not preserved for our review.

The only remaining issue is whether we should apply an exception to our general preservation rule. The exceptions include: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). Yet even when a party fully argues why we should apply an exception, the decision to review an unpreserved claim remains a prudential one for the court. *State v. Gray*, 311 Kan. 164, 169, 459 P.3d 165 (2020).

Blick argues that even if he failed to preserve the First Amendment or section 11 challenges to K.S.A. 8-1738(a), his claims fit under the first exception stated above. Blick brings a facial challenge to the constitutionality of K.S.A. 8-1738(a), and facial challenges to the constitutionality of statutes, unlike as-applied challenges, do not turn on the facts of a particular case. See *State v. Hinnenkamp*, 57 Kan. App. 2d 1, 4, 446 P.3d 1103 (2019). Thus his newly asserted theory involves a question of law.

But even if this court were to find the honking statute unconstitutional, that decision on the question of law would not finally determine the suppression issue. Although the exclusionary rule generally provides that evidence gathered in violation of a person's constitutional rights should be suppressed, exceptions to that rule do exist and may apply here, as the parties recognize in their briefs. See, e.g., *Illinois v. Krull*, 480 U.S. 340, 349-50, 107 S. Ct. 1160, 94 L. Ed. 2d 364 (1987) (finding Fourth Amendment exclusionary rule does not apply to evidence obtained by police who acted in objectively reasonable reliance upon statute later held to be unconstitutional); *United States v. Leon*, 468 U.S. 897, 920-21, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984); *State v. Daniel*, 291 Kan. 490, Syl. ¶ 7, 242 P.3d 1186 (2010) (adopting the good-faith exception announced in *Krull*).

7

"'The exclusionary rule has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons.'" *Brown v. Illinois*, 422 U.S. 590, 600, 95 S. Ct. 2254, 45 L. Ed. 2d 416 (1975) (quoting *United States v. Calandra*, 414 U.S. 338, 348, 94 S. Ct. 613, 38 L. Ed. 2d 561 [1974]). And "suppression is not an automatic consequence of a Fourth Amendment violation. Instead, the question turns on the culpability of the police and the potential of exclusion to deter wrongful police conduct." *Herring v. United States*, 555 U.S. 135, 137, 129 S. Ct. 695, 172 L. Ed. 2d 496 (2009). Courts must thus balance the deterrent effect of suppressing evidence against societal harms when considering whether suppression is proper under the circumstances. 555 U.S. at 141.

Among the facts we would have to determine is whether a reasonable officer in White's position should have known that the honking statute was unconstitutional. And that is done by considering facts that were not stipulated to or decided by the district court. Yet this court does not make factual findings; it reviews those made by district courts. *State v. Hutto*, 313 Kan. 741, 746, 490 P.3d 43 (2021); see *State v. Vonachen*, 312 Kan. 451, 457-58, 476 P.3d 774 (2020). So deciding the constitutionality of K.S.A. 8-1738(a) will not finally determine the issue whether the good-faith exception applies or whether the district court erred in not suppressing the evidence. For these reasons, we decline to apply this exception to the preservation rule.

Because Blick failed to preserve his challenge that K.S.A. 8-1738(a) is unconstitutionally overbroad, we have no basis to reach the merits of his claim that the district court erred in not suppressing the evidence obtained during the traffic stop.

Affirmed.