NOT DESIGNATED FOR PUBLICATION

No. 127,363

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEANNA MARIE PIERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Brown District Court; JOHN L. WEINGART, judge. Submitted without oral argument. Opinion filed August 8, 2025. Reversed and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kevin M. Hill*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Deanna Marie Pierson challenges the district court's denial of her pro se motion for dismissal based on speedy trial violations. The district judge concluded that Pierson's right to a speedy trial was not infringed upon, but did not clearly articulate what analysis was undertaken to find that her constitutional speedy trial rights were honored. After reviewing the record and affording Pierson's motion the liberal reading it should receive, we are not satisfied the district court filtered her constitutional claim through the appropriate test when ruling on the motion. Accordingly, the district court's denial of Pierson's motion is reversed, and her case is remanded for reconsideration of her constitutional speedy trial claim.

1

FACTUAL AND PROCEDURAL BACKGROUND

In early 2015, the State charged Pierson with one count of felony theft in violation of K.S.A. 2014 Supp. 21-5801. An arrest warrant was issued the same day, but roughly four years passed before law enforcement officers were able to locate Pierson. She was eventually taken into custody and posted bond the same day.

A years long endeavor to prosecute Pierson's case ensued. Efforts at progress were plagued by multiple continuances, the COVID-19 pandemic and its corresponding restrictions on the operations of the criminal justice system, Pierson's indecision regarding her plea, competency proceedings, and several replacements of Pierson's appointed counsel until Pierson finally decided to represent herself.

Soon after Pierson assumed control of her case, she filed a motion to dismiss and a corresponding supportive brief, to assert a violation of her speedy trial rights. She identified both the state statutory right to speedy trial in K.S.A. 22-3402(b), and her federal constitutional right to speedy trial protected in the Sixth Amendment to the United States Constitution.

The district court reviewed the filings and concluded that a significant portion of the trial delays were properly attributed to Pierson and further, given the Kansas Supreme Court's suspension of speedy trial deadlines in response to the COVID-19 pandemic, there was no basis upon which to grant Pierson's motion. The district judge did not specifically identify the rubric it applied to Pierson's constitutional speedy trial claim to determine that her rights were not violated under that theory.

Pierson's case finally went to trial in October 2023, and a jury found her guilty of misdemeanor theft. The district court granted her 12 months of probation with an underlying 12-month jail sentence.

Pierson now brings her case before this court for an analysis of whether her request for dismissal was properly denied.

LEGAL ANALYSIS

*Did the district court err in denying Pierson's pro se motion to dismiss for failure to honor her right to a speedy trial?*

When a district court offers a purely legal justification for its denial of a motion to dismiss, we exercise unlimited review over that conclusion. *State v. Loganbill*, 62 Kan. App. 2d 552, 561, 518 P.3d 437 (2022). The speedy trial question underlying the denial of Pierson's motion is a matter of law that compels our unlimited review of the matter. *State v. Davis*, 277 Kan. 309, Syl. ¶ 10, 85 P.3d 1164 (2004).

Pierson contends that her pro se motion to dismiss for violation of her right to a speedy trial encompassed both her statutory *and* constitutional rights to a speedy trial and, while the district court ruled on both issues, its conclusion with respect to the latter of the two was flawed. The State counters that Pierson's motion was devoted solely to a statutory speedy trial challenge and, therefore, her newly asserted constitutional claim is not properly before us for review.

Turning to Pierson's motion for dismissal, we are mindful that given her status as a pro se litigant at the time of its filing, the motion is to be construed liberally so its substance controls. *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 498, 505 P.3d 775 (2022). We are aware of the Kansas Supreme Court's admonition that the rule of liberal construction "'cannot transform the reality of a pleading's content or the arguments being advanced, even when a litigant is pro se.'" *State v. Hankins*, 304 Kan. 226, 231, 372 P.3d 1124 (2016).

Employing the rule here clarified for us that the justifications Pierson provided in support of her contention that dismissal was warranted included constitutional speedy trial violations. The right at issue "'is intended to prevent the oppression of the citizen by holding criminal prosecutions suspended over him for an indefinite time; and to prevent delays in the administration of justice, by imposing on the judicial tribunals an obligation to proceed with reasonable dispatch in the trial of criminal accusations.'" *In re Trull*, 133 Kan. 165, 169, 298 P. 775 (1931).

"Neither the United States nor the Kansas Constitutions impose specific time requirements for bringing a criminal defendant to trial." *State v. Queen*, 313 Kan. 12, 16, 482 P.3d 1117 (2021). Instead, to determine whether a delay violates an offender's constitutional right to a speedy trial, courts consider four nonexclusive factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant. *State v. Owens*, 310 Kan. 865, 869, 451 P.3d 467 (2019) (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 [1972]). "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." 407 U.S. at 530. None of these four factors, standing alone, is sufficient for finding a violation. Instead, the court must consider them together, along with any other relevant circumstances. *State v. Rivera*, 277 Kan. 109, 113, 83 P.3d 169 (2004). Pierson addressed each of these considerations in her filings in support of her request to "dismiss[] the charge for violation of defendant's constitutional right to speedy trial" citing the "Sixth Amendment, United States Constitution, and Section Ten [of the] Kansas Constitution Bill of Rights."

First, Pierson highlighted the inordinate delay that transpired in her case by noting that approximately eight years had elapsed between the State's filing of its criminal complaint and the date on which she filed her motion. Or stated another way, eight years

had passed since the constitutional speedy trial protections attached in her case. See *State v. Rosine*, 233 Kan. 663, 669, 664 P.2d 852 (1983); *Rivera*, 277 Kan. at 112.

It is without question that Pierson's motion also addressed the reasons for the delay. She noted that her case initially languished for four years waiting for the State to execute its arrest warrant. Pierson asserted that her first appointed attorney then laid the groundwork for further delay by devoting "months and months" to securing a plea offer, rather than discussing the case with her and examining the evidence in preparation for the trial that Pierson never wavered from as her preferred path of resolution. According to Pierson, the various attorneys subsequently appointed to represent her were equally culpable in impeding the progress of her case because they were "keen" on filing continuances despite the fact Pierson did not consent to those requests to extend the duration of her case.

Shifting our focus to the third factor, perhaps the most conspicuous assertion of the speedy trial right is Pierson's filing of the motion for dismissal. Additionally, Pierson reminded the district court that she first expressed concern for her speedy trial rights after her case essentially sat idle for two-and-a-half years during the tenure of her first appointed attorney and she attached a transcript from the hearing wherein the issue was raised. She also clarified that she never made any statement or engaged in any conduct that could be interpreted as a waiver of her speedy trial rights.

Finally, Pierson addressed how the eight-year delay adversely affected her case. She argued that key pieces of evidence were "misplaced, destroyed, or inadvertently lost" by the State, and a portion of that evidence was critical for determining the appropriate classification of the charged offense as either a felony or a misdemeanor. An additional notable concern was the demise of the victim who was instrumental in establishing the value of a portion of the stolen property. Admittedly, the absence of that witness forced the State to reduce the theft charge from a felony to a misdemeanor.

While Pierson may not have articulated her claims with the polish and finesse of a skilled litigator, the liberal interpretation she is entitled to as the result of her pro se status at the time of the motion's filing satisfies us that she provided the district court with the tools necessary to analyze her constitutional speedy trial claim. Despite that degree of detail, the only one of the four *Barker* factors that clearly appears in the district court's decision is the second one, the reason for the delay. On that factor, the district court found Pierson responsible for the delays in the trial. It is unclear what role the remaining three *Barker* factors played in the court's analysis.

"Fact-finding is simply not the role of appellate courts." *State v. Gutierrez-Fuentes*, 315 Kan 341, 347, 508 P.3d 378 (2022). As such, the parties generally bear responsibility for objecting to inadequate findings of fact and conclusions of law to give the district court an opportunity to correct any alleged inadequacies. See *State v. Espinoza*, 311 Kan. 435, 436-37, 462 P.3d 159 (2020). When no objection is made to a district court's findings of fact or conclusions of law on the basis of inadequacy, an appellate court can presume the district court found all facts necessary to support its judgment. *State v. Sanders*, 310 Kan. 279, 290, 445 P.3d 1144 (2019). Where, however, the record does not support such a presumption and the lack of specific findings precludes meaningful review, an appellate court may consider a remand. See *State v. Tatro*, 310 Kan. 263, 277-78, 445 P.3d 173 (2019).

Here, the record does not provide a firm foundation for that presumption. The record as it stands leaves significant questions unanswered which prevent this court from properly analyzing the issue before us. Accordingly, Pierson's case must be remanded to the district court for further factual findings on her constitutional speedy trial claim.

Reversed and remanded with directions.