NOT DESIGNATED FOR PUBLICATION

No. 126,333

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LANDAN LEMONS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Submitted without oral argument. Opinion filed October 17, 2025. Affirmed.


*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.


*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before BRUNS, P.J., SCHROEDER and ISHERWOOD, JJ.


PER CURIAM: Landan Lemons appeals his convictions of five counts of aggravated indecent liberties with a child and one count of aggravated criminal sodomy. On appeal, Lemons contends the district court erred in admitting K.S.A. 2019 Supp. 60-455(d) evidence regarding uncharged sexual misconduct. Although he did not request the instruction at trial, Lemons also contends that the district court erred by not giving the jury a limiting instruction on the evidence admitted under K.S.A. 2019 Supp. 60-455(d). For the reasons set forth in this opinion, we affirm.

1

FACTS

Lemons was accused of sexually molesting a minor child—to whom he was related—on various occasions over a number of years in both Kansas and Missouri. The molestation was alleged to have begun when the minor child was between six and eight years old. It was reported to law enforcement authorities and others when she was 13 years old.

On April 25, 2017, the minor child was interviewed at Sunflower House. She told the interview specialist about multiple instances of sexual abuse by Lemons over a period of several years. She reported that the earliest incident she could remember was when she was eight years old, but she believed it happened prior to that time. The last incident she could recall was on the night of the Super Bowl in 2017. Throughout the interview, the minor child described instances of abuse occurring at three different residences in Johnson County and two different residences in Lee's Summit, Missouri. A video of this interview was later played for the jury at trial.

The minor child reported to both law enforcement and to the interviewer at Sunflower House that she believed Lemons sexually abused her approximately 50 times while she was living at a residence in Johnson County from 2009 to 2013. However, she could remember only some of the details. Likewise, the minor child reported that Lemons sexually abused her over 20 times while she was living at a different residence in Johnson County from 2013 to 2015. In addition, she reported that Lemons sexually abused her about 10 times at a third residence in Johnson County in which she resided from 2015 to 2017.

Further, the minor child reported that Lemons sexually abused her at his residence in Lee's Summit, Missouri. She indicated that Lemons touched her inappropriately while she was there, showed her pornography, and told her about the things he wanted to do to

her when she got older. Eventually, she told her parents that she did not want to go to Lemons' house.

On December 19, 2017, the State charged Lemons with five counts of aggravated indecent liberties with a child in violation of K.S.A. 21-5506(b)(3). About ten months later, the State amended its complaint to add an additional charge of aggravated criminal sodomy in violation of K.S.A. 21-5504(b). Before trial, the State moved to admit K.S.A. 2019 Supp. 60-455(d) evidence at trial related to the uncharged allegations of sexual abuse committed by Lemons against the minor child in Missouri. In support of its motion, the State argued:

- The sexual abuse that occurred in Missouri was during the same time period as the sexual abuse that occurred in Kansas.
- Lemons' continued sexual abuse of the minor child is relevant to prove that he is sexually attracted to children—specifically to the minor in this case—and has a propensity to act on his attraction.
- The evidence shows that Lemons sought to abuse the minor child by finding opportunities to isolate her from other adults or children at a residence.
- The sexual abuse that occurred in Missouri is closely intertwined with the abuse that occurred in Kansas as to time and similar sexual acts.

Although the State acknowledged that the evidence would be prejudicial, it argued that the probative value of the K.S.A. 2019 Supp. 60-455(d) evidence far outweighed its prejudicial effect. Citing *State v. Prine*, 297 Kan. 460, 479, 303 P.3d 662 (2013), the State asserted that no limiting instruction was necessary. In response, Lemons argued that the K.S.A. 2019 Supp. 60-455(d) evidence would be "extremely prejudicial" and claimed that unless Lemons sought to introduce evidence regarding his character at trial, the propensity evidence would be irrelevant.

3

Prior to trial, the district court granted the State's motion to introduce the K.S.A. 2019 Supp. 60-455(d) evidence at trial related to the uncharged sexual abuse against the minor child that allegedly occurred in Missouri. After reaching this decision, the district court asked the parties: "So does either party want me to make any additional findings or conclusions, rulings with regard to that evidence?" Both the State and defense counsel responded that no additional findings were necessary.

The district court commenced a five-day jury trial beginning on August 8, 2022. Because a different district court judge presided over the jury trial than the one who had ruled on the State's K.S.A. 2019 Supp. 60-455(d) motion, the new judge conducted an independent review of the motion and of the applicable caselaw. After doing so, the district court judge indicated that he concurred with the previous judge's ruling. The district court then granted Lemons a continuing objection to this ruling.

At trial, the State presented the testimony of nine witnesses, including a friend who the minor child had first told about the sexual abuse; the law enforcement officer who first responded to the report of sexual abuse; the minor child's brother; the detective who investigated the case; the medical director of the Sexual Assault Nurse Examiner Program at Children's Mercy who examined the minor child; the interview specialist at Sunflower House who conducted the forensic interview of the minor child; the minor child's parents; and the minor child. The State also offered four exhibits, which were admitted into evidence, including the video of the forensic interview conducted at Sunflower House.

The defense presented the testimony of one of Lemons' previous employers. It also offered an exhibit—showing the hours that Lemons worked during the time that he lived in the same house as the minor child—that was admitted into evidence. It is undisputed that at no point did Lemons request a limiting instruction regarding the admission of the 60-455(d) evidence.

After considering the evidence, the jury convicted Lemons of all charges. Lemons then filed a motion for a new trial that was ultimately denied by the district court. Based on Lemons' crimes of conviction and his criminal history score, the district court sentenced Lemons to concurrent life sentences without the possibility of parole for 25 years. Thereafter, Lemons filed a timely notice of appeal.

ANALYSIS

*Admission of 60-455(d) Evidence*

The first issue presented on appeal is whether the district court erred in admitting propensity evidence under 60-455(d). Specifically, Lemons argues that the district court failed to make a judicial finding weighing the probative value of the evidence regarding his uncharged acts of sexual misconduct in Missouri against the prejudicial effect of admitting this evidence at trial. In response, the State contends that this issue is not properly preserved for appellate review because Lemons failed to object to the district court's findings below. It also contends that even if this issue was properly preserved, the district court appropriately allowed the jury to consider the 60-455(d) evidence at trial.

A review of the record reveals that after the district court issued its pretrial ruling regarding the admission of the K.S.A. 2019 Supp. 60-455(d) evidence, it asked the parties on the record if they wanted the court "to make any additional findings or conclusions, rulings with regard to that evidence" and both parties responded that this was not necessary. Then, the district court judge presiding over the trial acknowledged the prior ruling on the K.S.A. 2019 Supp. 60-455(d) evidence, noted that he had independently reviewed the issue, concurred that the evidence should be admitted, and granted the defense a continuing objection. But again, neither party made a request for additional findings or conclusions.

5

Here, the record reveals that although Lemons objected to the admission of the 60-455(d) evidence, he failed to make any objection to the district court's findings regarding the weighing of the probative value of the evidence versus its prejudicial effect. Likewise, he did not request that the district court make additional findings or conclusions. In other words, Lemons not only failed to object to the district court's findings before or during trial, but his attorney also expressly agreed that the district court had made all necessary findings.

Nevertheless, Lemons argues for the first time that the district court "did not address the requirement for a weighing of probative value against prejudicial effect" and that it did not "screen the evidence for undue prejudice." But a party bears the responsibility to object to perceived inadequate findings of fact and conclusions of law to give the district court an opportunity to correct any alleged inadequacies. *State v. Espinoza*, 311 Kan. 435, 436-37, 462 P.3d 159 (2020). When no objection is made to a district court's findings of fact or conclusions of law on the basis of inadequacy, we are to presume the district court found all facts necessary to support its judgment. *State v. Sanders*, 310 Kan. 279, 290, 445 P.3d 1144 (2019).

In summary, although Lemons objected to the admission of 60-455(d) evidence at trial, he never asserted that the district court failed to make adequate findings of fact or conclusions of law related to this issue. Furthermore, he never asserted that the district court improperly weighed the probative value of the evidence against its prejudicial effect. Rather, when the district court specifically asked the parties if they wanted it to make any additional findings or conclusions on this question, Lemons' attorney said no. Given these circumstances, we presume the district court made all necessary factual findings to support its ruling on the admissibility of the K.S.A. 2019 Supp. 60-455(d) evidence, and we find no reversible error.

*Failure to Give Limiting Instruction*

The second issue presented on appeal is whether the district court committed reversible error by not giving a limiting instruction relating to the admission of the K.S.A. 2019 Supp. 60-455(d) evidence admitted at trial. At the outset, we note that Lemons acknowledges that he did not request that the district court give the jury a limiting instruction. As a result, we review this issue for clear error. *State v. Waldschmidt*, 318 Kan. 633, Syl. ¶ 8, 646, 546 P.3d 716 (2024).

To constitute reversible error, Lemons is required to establish that the limiting instruction would be both factually and legally appropriate. See *State v. Bentley*, 317 Kan. 222, 242, 526 P.3d 1060 (2023). In addition, we must be firmly convinced that the giving of the instruction would have changed the outcome of the trial. K.S.A. 22-3414(3); *Bentley*, 317 Kan. at 242. "[A]ppellate courts consider whether the instruction was legally and factually appropriate, using an unlimited standard of review of the entire record." *State v. Hollins*, 320 Kan. 240, 242, 564 P.3d 778 (2025). To determine whether an instruction was factually appropriate, courts must assess whether sufficient evidence— viewed in the light most favorable to the requesting party—supported the instruction. *State v. Mendez*, 319 Kan. 718, 727, 559 P.3d 792 (2024).

The Kansas Supreme Court has held that when a defendant is charged with a sex crime and evidence of prior sexual misconduct is admitted under 60-455(d), a limiting instruction is not required because the evidence is admissible for any purpose to which it is relevant and probative. *State v. Perez*, 306 Kan. 655, 673, 396 P.3d 78 (2017); *Prine*, 297 Kan. 460, Syl. ¶ 4 ("When evidence of another act or offense of sexual misconduct is admitted under K.S.A. 2009 Supp. 60-455(d) in a sex crime prosecution, the district judge need not give a limiting jury instruction."). Still, Lemons argues that the limiting instruction found in PIK Crim. 4th 51.031 (2020 Supp.) should have been given to the jury by the district court.

7

In *State v. Satchell*, 311 Kan. 633, 646, 466 P.3d 459 (2020), the Kansas Supreme Court noted that certain federal jurisdictions use a pattern limiting instruction to guide the jury's consideration of propensity evidence. Our Supreme Court observed that such an instruction may assist in assessing harmless error if 60-455(d) evidence has been erroneously admitted. 311 Kan. at 646. After the holding in *Satchell*, the PIK committee created PIK Crim. 4th 51.031 in 2020.

This instruction provides:

"Evidence has been admitted (tending to prove) (alleging) that the defendant committed an act of *insert applicable act or offense of sexual misconduct* other than the present crime charged [of *insert the charged sex offense that is listed in K.S.A. 60-455(d)*].

"You may consider this evidence regarding the crime charged [of *insert the charged sex offense that is listed in K.S.A. 60-455(d)*] as evidence of defendant's propensity to commit sexual misconduct [and as evidence of *insert other relevant purpose*]. You may give this evidence the weight, if any, you believe it should receive. You may not convict defendant of the crime charged simply because you believe (he) (she) committed another unlawful act.

"[You may not consider this evidence in deciding whether the defendant *insert improper purpose*.]" PIK Crim. 4th 51.031.

Here, we do not find that the 60-455(d) evidence was erroneously admitted at trial. Even if we assume—without deciding—that the limiting instruction was both factually and legally appropriate, Lemons has not demonstrated that the failure to give such an instruction amounted to clear error. In particular, he offers only general and nonspecific arguments regarding the possible impact the failure to give the limiting instruction may have had on the jury's consideration of the evidence. But based on our review of the evidence presented to the jury at trial, we are not firmly convinced that the jury would have reached a different verdict if the limiting instruction had been given. See K.S.A. 22-

8

3414(3); *Bentley*, 317 Kan. at 242. Accordingly, we conclude that Lemons has failed to show clear error requiring reversal of the jury's verdict.

Affirmed.