NOT DESIGNATED FOR PUBLICATION

No. 128,255

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TAKOTA ANDERSON,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; STEVEN JOHNSON, judge. Submitted without oral argument. Opinion filed February 13, 2026. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Ashley R. Iverson*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before BRUNS, P.J., HILL and ATCHESON, JJ.

PER CURIAM:  The Kansas Department of Revenue (KDOR) suspended Takota Anderson's driver's license under K.S.A. 8-1002 after he was arrested for driving under the influence of alcohol (DUI). Subsequently, the district court affirmed Anderson's suspension, and he appealed to this court. On appeal, Anderson contends that the district court erred by considering the preliminary breath test results although they were never admitted into evidence at the trial de novo. Based on our review of the record on appeal, we find that there is substantial competent evidence to support the district court's determination that the law enforcement officer had probable cause to arrest Anderson for DUI before the preliminary breath test was administered. Thus, we affirm.

1

On July 30, 2022,—shortly after 2 a.m.—a Kansas Highway Patrol Trooper stopped Anderson for speeding. Upon approaching Anderson's vehicle, the trooper detected a strong odor of alcohol. He also noticed that Anderson had glassy eyes and his speech was slurred. In addition, the trooper observed Anderson's balance was unsteady while exiting his vehicle. Although Anderson initially denied consuming alcohol, he eventually admitted that he had indeed drank alcohol that night.

Based on his observations, the trooper—who had been a certified Kansas Highway Patrol officer since 1994 and had conducted more than 3,000 DUI investigations— requested that Anderson perform standard field sobriety tests. In doing so, the trooper observed Anderson exhibiting two clues of impairment on the walk-and-turn test and had difficulty understanding the instructions given to him. Also, the trooper observed an additional clue of impairment on the one-leg standing test. Based on observing signs of alcohol use and impairment, the trooper administered a preliminary breath test. After doing so, the trooper placed Anderson under arrest for DUI.

After receiving a certification and notice of suspension of his driver's license— known as a DC-27 form—Anderson requested an administrative hearing. The DC-27 form certified that Anderson had "failed preliminary breath test" and reflected that he had a blood-alcohol content of 0.123 on a certified breath alcohol test. On October 3, 2022, an administrative hearing affirmed the suspension of Anderson's driver's license. Afterward, Anderson petitioned for judicial review by the district court.

On September 23, 2023, the district court conducted a de novo trial. The trooper testified about the events in the early morning hours of July 30, 2022. In his testimony, the trooper confirmed that he arrested Anderson after observing several signs of impairment and administering the preliminary breath test. At the close of the evidence,

defense counsel argued that it would be inappropriate for the district court to assume that Anderson failed the preliminary breath test because the results had not been admitted into evidence at trial. In response, counsel for the KDOR pointed out that the DC-27 form is part of the administrative record and was properly before the district court for consideration.

Although the district court offered Anderson the ability to recall the trooper as a witness to delve further into the preliminary breath test, he declined this opportunity. The district court then found that the DC-27 was part of the administrative record and could be considered in determining whether the trooper had probable cause to arrest Anderson for DUI. Ultimately, the district court found that Anderson had failed to meet his burden of proof and upheld the administrative suspension of his driver's license. See *State v. Anderson*, 321 Kan. ___, ___ P.3d ___, 2026 WL 120056 (2026).

ANALYSIS

The sole issue presented on appeal is whether the district court erred in considering the preliminary breath test results in reaching its decision to uphold the administrative suspension of Anderson's driver's license. Although Anderson also briefly suggests that the district court failed to address certain constitutional issues raised in his petition for judicial review, he has not presented argument or legal authority to support these additional issues as required by Supreme Court Rule 6.02(a) (2025 Kan. S. Ct. R. at 35). Moreover, if Anderson believed that the district court failed to address all the issues raised in his petition for judicial review, he should have asserted an objection below to give the district court an opportunity to correct any alleged inadequacies. See *State v. Espinoza*, 311 Kan. 435, 436-37, 462 P.3d 159 (2020); see also *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) (A point raised incidentally in a brief is deemed to be waived or abandoned.).

3

In Kansas, appeals from the administrative suspension of driver's licenses are subject to review under the Kansas Judicial Review Act, K.S.A. 77-601 et seq. See K.S.A. 8-259(a); *Creecy v. Kansas Dept. of Revenue*, 310 Kan. 454, 460, 447 P.3d 959 (2019). As the party asserting an error, Anderson bears the burden of proving the invalidity of the KDOR's action. See K.S.A. 77-621(a)(1); K.S.A. 8-1020(q). When reviewing a district court's decision on judicial review of an administrative suspension of a driver's license, we review the record on appeal to determine if the factual findings are supported by substantial competent evidence. If so, we then turn to the question of whether the conclusion derived from those findings is legally correct. *Casper v. Kansas Dept. of Revenue*, 309 Kan. 1211, 1213, 442 P.3d 1038 (2019).

Substantial competent evidence is evidence that has both relevance and substance and provides a substantial basis of fact from which the court can reasonably resolve the issues. *Creecy*, 310 Kan. at 469. When determining whether substantial competent evidence supports a district court's findings, we "'must accept as true the evidence and all the reasonable inferences drawn from the evidence which support the district court's findings and must disregard any conflicting evidence or other inferences that might be drawn from it.'" *Casper*, 309 Kan. at 1220. In other words, we are not to reweigh the evidence, resolve evidentiary conflicts, or make credibility determinations on appeal. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

A law enforcement officer may request a driver to submit to a preliminary breath test if the officer has "reasonable suspicion" to believe the driver has driven under the influence of alcohol. K.S.A. 8-1012. Although the version of the statute in effect at the time of Anderson's arrest used the term "reasonable suspicion" rather than "probable cause" to believe that a driver operated a vehicle under the influence of alcohol, we treat the terms "reasonable grounds" or "reasonable suspicion" as synonymous with "probable cause." *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012); see also *Burris v. Kansas Dept. of Revenue*, No. 122,914, 2021 WL 2766276, at *3 (Kan.

App. 2021) (unpublished opinion). Accordingly, there is no material difference between these two standards in this context.

Probable cause exists when an officer has a "reasonable belief, drawn from the totality of information and reasonable inferences available to the arresting officer, that the defendant has committed or is committing a specific crime." *Rosendahl v. Kansas Dept. of Revenue*, 310 Kan. 474, Syl. ¶ 3, 447 P.3d 347 (2019). As the *Burris* panel found, "establishing probable cause to support a request for a breath test simultaneously establishes probable cause for a lawful arrest." *Burris*, 2021 WL 2766276, at *3. As such, we must determine whether the trooper in this case had probable cause to *request* that Anderson submit to a preliminary breath test—which would also establish probable cause for the arrest.

Here, a review of the record on appeal reveals that the State presented substantial competent evidence to establish that the trooper had probable cause to believe that Anderson had operated a vehicle under the influence of alcohol before requesting a preliminary breath test. This evidence included:  (1) the trooper observing Anderson speeding in the early morning hours; (2) the trooper detecting a strong odor of alcohol coming from the vehicle Anderson was driving; (3) the trooper observing that Anderson had glassy eyes and slurred speech; (4) the trooper observing that Anderson's balance was unsteady while exiting his vehicle; (5) Anderson initially denying that he had consumed alcohol; (6) Anderson's eventual admission that he had consumed alcohol; (7) Anderson's difficulty following the trooper's instructions; (8) the trooper observing two clues of impairment by Anderson when administering the walk-and-turn test; and (9) the trooper observing one clue of impairment by Anderson when administering the one-leg standing test. We find this evidence sufficient to establish that the trooper had probable cause— drawn from the totality of information and reasonable inferences available—that Anderson had committed the crime of driving under the influence of alcohol before requesting the preliminary breath test.

5

Under these circumstances, we do not find that the district court erred in upholding the administrative suspension of Anderson's driver's license. Based on our review of the record, we find that there is substantial competent evidence to support the district court's factual findings. Likewise, we find the conclusion reached by the district court based on those findings to be legally correct. Specifically, we find that the trooper had probable cause to arrest Anderson for driving under the influence of alcohol even without considering the results of the preliminary breath test. Consequently, we affirm the district court's order upholding the administrative suspension of Anderson's driving privileges.

Affirmed.